1  FARLEY J. NEUMAN, ESQUIRE - State Bar #100021
   PAVAN L. ROSATI, ESQUIRE - State Bar #146171
2  PATRICIA L. BONHEYO, ESQUIRE - State Bar #194155
   GOODMAN NEUMAN HAMILTON LLP
3  417 Montgomery Street, 10th Floor
   San Francisco, California 94104
4  Telephone:    (415) 705-0400
   Facsimile:    (415) 705-0411
5  Email:  fneuman@gnhllp.com
           prosati@gnhllp.com
6          pbonheyo@gnhllp.com

7  Attorneys for Defendant McKESSON CORPORATION

8

9                  UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

11

12 | SHIRLEY THOMAS, a single individual; | Case No. EDCV12-2039 VAP (DTBx)
   | BARBARA MCKISKI, individually and as next |
13 | of kin to KENNETH MCKISKI, deceased; | **McKESSON CORPORATION'S**
   | ANGEL MCMILLIAN, individually and as next | **ANSWER TO PLAINTIFFS'**
14 | of kin to TERRY L. MCMILLAN, deceased; | **COMPLAINT; DEMAND FOR**
   | KRISTINE MORGAN, individually and as next | **JURY TRIAL**
15 | of kin to DENNIS WAGNER, deceased;
   | YVONNE MOSS, individually and as next of kin
16 | to STEVEN W. MOSS, deceased; WARREN
   | NOEL, individually and as next of kin to MARY
17 | NOEL, deceased; LINDA PHILLIPS,
   | individually and as next of kin to BOBBY L.
18 | PHILLIPS, deceased; MARTHA PROCTOR,
   | individually and as next of kin to MICHAEL R.
19 | PROCTOR, deceased; TINA RAINE,
   | individually and as next of kin to RONALD
20 | RAINE, deceased; ROCKY RAMER,
   | individually and as next of kin to GLENYS
21 | RAMER, deceased; JAMES RICHARDSON,
   | individually and as next of kin to BARBARA
22 | RICHARDSON, deceased; PATRICK
   | ROBINSON, individually and as next of kin to
23 | BRANDY ROBINSON; deceased; SANDRA
   | ROBINSON, individually and as next of kin to
24 | DANIEL SCARBROUGH, deceased; KAY
   | ROLLER, individually and as next of kin to
25 | CHARLES ROLLER, deceased; JAMES ROSS,
   | individually and as next of kin to MARIE
26 | THORPE, deceased; BARBARA SAVAGE,
   | individually and as next of kin to AMBERLEE
27 | KAY MURPHY, deceased; NONA SEALS,
   | individually and as next of kin to CHARLES
28 | RAY SEALS, deceased; WILLIAM SHEPPARD,
   | individually and as next of kin to EDDIE M.
   | SHEPPARD, deceased; MARGARET SHERRY,
   | individually and as next of kin to ANTHONY

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

-1-

SHERRY, deceased; TAMMY SHORE, individually and as next of kin to MARK D. SHORE, deceased; LINDA SIMONS, individually and as next of kin to THOMAS SIMONS, deceased; SUSAN SNODGRASS, individually and as next of kin to FRANKLIN BAIR, deceased; ANETRA SNYDER, individually and as next of kin to ELIZABETH PIERCE, deceased; BARBARA STEWART, individually and as next of kin to TERRY W. STEWART, SR., deceased; GLADYS STONE, individually and as next of kin to GILMER D. STONE, deceased; ELISABETH STRAUSS, individually and as next of kin to CLARA HENDREN, deceased; LINDA SUDDUTH, individually and as next of kin to JAMES STEVENSON, deceased; MARGARET TAYLOR, individually and as next of kin to CHARLES E. TAYLOR, deceased; SARAH TUOHY, individually and as next of kin to SAMUEL WILLIS, deceased; SHIRLEY VANZYVERDEN, individually and as next of kin to JOHNNIE PAUL PARTIS, deceased; ARTHUR WHITE, individually and as next of kin to KAREN M. WHITE, deceased; DONNA WHITE, individually and as next of kin to EARL WHITE, deceased; SAMANTHA WHITE, individually and as next of kin to JAMES SHELTON, deceased; KRISTEN WILLIAMS, individually and as next of kin to CAROL ANTHONY, deceased; BILLIE JO WINNER, individually and as next of kin to BARBARA L. CLARK, deceased; BILLIE JO WINNER, individually and as next of kin CARLTON J. CLARK, deceased; PATRICIA WOMACK, individually and as next of kin to CHAUNCEY WOMACK, deceased; LINDA WOOD, individually and as next of kin to THOMAS WOOD, deceased; and, SHEILA YANCEY, individually and as next of kin to SARITA DURDEN, deceased,

                                          Plaintiffs,

vs.

McKESSON CORPORATION; ELI LILLY AND COMPANY; AAIPHARMA, INC.; AAIPHARMA LLC; AAI DEVELOPMENT SERVICES, INC.; NEOSAN PHARMACEUTICALS INC.; XANODYNE PHARMACEUTICALS, INC.; QUALITEST PHARMACEUTICALS, INC.; VINTAGE PHARMACEUTICALS, INC.; PROPST DISTRIBUTION, INC.; BRENN DISTRIBUTION, INC.; BRENN MANUFACTURING, INC.; VINTAGE PHARMACEUTICALS, LLC; GENERICS INTERNATIONAL (US), INC.; GENERICS BIDCO I, LLC; GENERICS BIDCO II, LLC;

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1   GENERICS INTERNATIONAL (US PARENT),
    INC.; ENDO PHARMACEUTICALS, INC.;
2   ENDO PHARMACEUTICALS HOLDINGS,
    INC.; CORNERSTONE BIOPHARMA, INC.;
3   CORNERSTONE BIOPHARMA HOLDINGS,
    INC.; TEVA PHARMACEUTICALS, INC.;
4   TEVA PHARMACEUTICALS USA, INC.;
    MYLAN PHARMACEUTICALS, INC.;
5   MYLAN, INC.; COVIDIEN PLC; COVIDIEN
    INC.; MALLINCKRODT INC.; WATSON
6   PHARMACEUTICALS, INC.; and DOES 1
    through 50, inclusive,

7                                      Defendants.

8

9           Defendant McKesson Corporation ("McKesson") hereby sets forth the following Answer

10  and Affirmative Defenses to Plaintiffs' Complaint for Damages ("Complaint") and demands trial

11  by jury. Certain allegations in the Complaint are made as to all Defendants without

12  differentiation or specification as to the extent of reference to these Defendants or other

13  individual Defendants and/or other parties, persons or entities. For the purpose of clarity,

14  McKesson responds herein to the allegations of the Complaint only insofar as such allegations

15  pertain to propoxyphene-containing medicines allegedly distributed by McKesson. McKesson

16  denies knowledge or information sufficient to form a belief as to the truth or falsity of each and

17  every allegation contained in the Complaint to the extent that such allegations refer or relate to

18  other parties or to prescription medicines manufactured and/or distributed by persons or entities

19  other than McKesson and therefore denies same. Any allegation, averment, contention or

20  statement in the Complaint not specifically and unequivocally admitted is denied. To the extent

21  the headings and subheadings of the Complaint may be construed as allegations, they are

22  specifically denied. McKesson responds to each of the paragraphs of the Complaint as follows:

23                            **RESPONSE TO "INTRODUCTION"**

24          1.      The first sentence of this paragraph is denied. The second sentence of this

25  paragraph is definitional and does not set forth any allegation susceptible to admission or denial

26  and, therefore, no answer is required. To the extent a response is required, McKesson is without

27  knowledge or information sufficient to form a belief as to the truth of the allegations of this

28  paragraph and therefore denies same

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

2.      This paragraph is denied to the extent such allegations relate to McKesson. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph relating to other Defendants and therefore denies same.

3.      McKesson admits only that this paragraph purports to refer to a July 2009 decision by the United States Food and Drug Administration ("FDA"), which speaks for itself. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

4.      The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

5.      This paragraph states a legal conclusion to which no response is required. In addition, the allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

6.      This paragraph states a legal conclusion to which no response is required. In addition, the allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

7.      The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

8.      To the extent this paragraph consists of a statement about a belief, it is not an allegation, and no response is required. To the extent a response is required, this paragraph is denied, except that McKesson admits that McKesson was previously involved in the distribution

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1    of medication(s) containing propoxyphene.

2        9.    To the extent this paragraph consists of a statement about a belief, it is not an

3    allegation, and no response is required. To the extent a response is required, this paragraph is

4    denied, except that McKesson admits that McKesson was previously involved in the distribution

5    of medication(s) containing propoxyphene in the United States.

6        10.    To the extent the allegations in this paragraph are directed at other Defendants, no

7    response is required. To the extent a response is required, this paragraph is specifically denied

8    insofar as it may relate to McKesson, and insofar as it may relate to other Defendants, McKesson

9    is without knowledge or information sufficient to form a belief as to the truth of such allegations

10   and therefore denies same.

11       11.    McKesson admits only that this paragraph purports to refer to a 2005 decision by

12   the "British government," which speaks for itself. McKesson is without knowledge or

13   information sufficient to form a belief as to the truth of any remaining allegations of this

14   paragraph and therefore denies same.

15       12.    McKesson admits only that this paragraph purports to refer to a November 2010

16   decision by the FDA, which speaks for itself. McKesson is without knowledge or information

17   sufficient to form a belief as to the truth of any remaining allegations of this paragraph and

18   therefore denies same.

19       13.    This paragraph is denied.

20               **RESPONSE TO "PARTIES AND JURISDICTION"**

21       14.    This paragraph states a legal conclusion to which no response is required. To the

22   extent that a response is required, McKesson is without knowledge or information sufficient to

23   form a belief as to the truth of the allegations in this paragraph and therefore denies same.

24       15.    The allegations in this paragraph are directed at other Defendants and therefore no

25   response is required. To the extent a response is necessary, McKesson is without knowledge or

26   information sufficient to form a belief as to the truth of the allegations in this paragraph and

27   therefore denies same.

28       16.    This paragraph is definitional and does not set forth any allegation susceptible to

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

admission or denial and, therefore, no answer is required. To the extent a response is required, this paragraph is denied. Moreover, McKesson objects to such groupings and avers that non-specific allegations of this nature are improper pursuant to Rule 8(a) of the Federal Rules of Civil Procedure.

17.     The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is required, this paragraph is denied. Moreover, McKesson objects to such groupings and avers that non-specific allegations of this nature are improper pursuant to Rule 8(a) of the Federal Rules of Civil Procedure.

## RESPONSE TO "DISTRIBUTOR DEFENDANTS"

18.     McKesson admits only that McKesson is a Delaware corporation with a principal place of business in the city of San Francisco, County of San Francisco, California and is duly authorized to transact business in the state of California, and that McKesson was previously involved in the distribution of medication(s) containing propoxyphene. Any remaining allegations in this paragraph are denied.

19.     To the extent this paragraph consists of a statement about a belief, it is not an allegation, and no response is required. To the extent a response is required, this paragraph is denied, except that McKesson admits that McKesson was previously involved in the distribution of medication(s) containing propoxyphene in the United States and California.

20.     To the extent this paragraph consists of a statement about a belief, it is not an allegation, and no response is required. To the extent a response is required, McKesson admits only that McKesson maintains distribution agreements with retail pharmacies. Any remaining allegations in this paragraph are denied.

21.     This paragraph purports to state a legal conclusion to which no response is required.

22.     McKesson admits that McKesson is a national distributor of prescription drugs. The remaining allegations of this paragraph are vague, ambiguous and overbroad as to time, scope and context, and as such are not susceptible to admission or denial and, therefore, no answer is required. To the extent a response is necessary, McKesson is without knowledge or

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1   information sufficient to form a belief as to the truth of the allegations in this paragraph and

2   therefore denies same.

3         23.      McKesson admits only that this paragraph purports to refer to statements on

4   McKesson's website, which speaks for itself. The remaining allegations of this paragraph are

5   vague, ambiguous and overbroad as to time, scope and context, and as such are not susceptible to

6   admission or denial and, therefore, no answer is required. To the extent a response is necessary,

7   McKesson is without knowledge or information sufficient to form a belief as to the truth of the

8   allegations in this paragraph and therefore denies same.

9         24.      This paragraph is definitional and does not set forth any allegation susceptible to

10  admission or denial and, therefore, no answer is required. McKesson further specifically denies

11  any definition to the extent it purports to group various entities and persons together as

12  "McKesson" and specifically denies any definition to the extent it purports to hold McKesson

13  liable as a group for the alleged actions of any such other individual entity or person.

14              **RESPONSE TO "INNOVATOR AND BRAND DEFENDANTS"**

15        25.      The allegations in this paragraph are directed at other Defendants and therefore no

16  response is required. To the extent a response is necessary, McKesson is without knowledge or

17  information sufficient to form a belief as to the truth of the allegations in this paragraph and

18  therefore denies same.

19        26.      The allegations in this paragraph are directed at other Defendants and therefore no

20  response is required. To the extent a response is necessary, McKesson is without knowledge or

21  information sufficient to form a belief as to the truth of the allegations in this paragraph and

22  therefore denies same.

23        27.      The allegations in this paragraph are directed at other Defendants and therefore no

24  response is required. To the extent a response is necessary, McKesson is without knowledge or

25  information sufficient to form a belief as to the truth of the allegations in this paragraph and

26  therefore denies same.

27        28.      The allegations in this paragraph are directed at other Defendants and therefore no

28  response is required. To the extent a response is necessary, McKesson is without knowledge or

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1   information sufficient to form a belief as to the truth of the allegations in this paragraph and

2   therefore denies same.

3        29.    The allegations in this paragraph are directed at other Defendants and therefore no

4   response is required. To the extent a response is necessary, McKesson is without knowledge or

5   information sufficient to form a belief as to the truth of the allegations in this paragraph and

6   therefore denies same.

7        30.    This paragraph is definitional and does not set forth any allegation susceptible to

8   admission or denial and, therefore, no answer is required. To the extent a response is necessary,

9   McKesson is without knowledge or information sufficient to form a belief as to the truth of the

10   allegations in this paragraph and therefore denies same.

11        31.    The allegations in this paragraph are directed at other Defendants and therefore no

12   response is required. To the extent a response is necessary, McKesson is without knowledge or

13   information sufficient to form a belief as to the truth of the allegations in this paragraph and

14   therefore denies same.

15        32.    This paragraph is definitional and does not set forth any allegation susceptible to

16   admission or denial and, therefore, no answer is required. In addition, the allegations in this

17   paragraph are directed at other Defendants and therefore no response is required. To the extent a

18   response is necessary, McKesson is without knowledge or information sufficient to form a belief

19   as to the truth of the allegations in this paragraph and therefore denies same.

20        33.    The allegations in this paragraph are directed at other Defendants and therefore no

21   response is required. To the extent a response is necessary, McKesson is without knowledge or

22   information sufficient to form a belief as to the truth of the allegations in this paragraph and

23   therefore denies same.

24        34.    The allegations in this paragraph are directed at other Defendants and therefore no

25   response is required. To the extent a response is necessary, McKesson is without knowledge or

26   information sufficient to form a belief as to the truth of the allegations in this paragraph and

27   therefore denies same.

28        35.    The allegations in this paragraph are directed at other Defendants and therefore no

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1  response is required. To the extent a response is necessary, McKesson is without knowledge or

2  information sufficient to form a belief as to the truth of the allegations in this paragraph and

3  therefore denies same.

4         36.     The allegations in this paragraph are directed at other Defendants and therefore no

5  response is required. To the extent a response is necessary, McKesson is without knowledge or

6  information sufficient to form a belief as to the truth of the allegations in this paragraph and

7  therefore denies same.

8         37.     The allegations in this paragraph are directed at other Defendants and therefore no

9  response is required. To the extent a response is necessary, McKesson is without knowledge or

10  information sufficient to form a belief as to the truth of the allegations in this paragraph and

11  therefore denies same.

12         38.     The allegations in this paragraph are directed at other Defendants and therefore no

13  response is required. To the extent a response is necessary, McKesson is without knowledge or

14  information sufficient to form a belief as to the truth of the allegations in this paragraph and

15  therefore denies same.

16  **<u>Response to "GENERIC QUALITEST DEFENDANTS"</u>**

17         39.     The allegations in this paragraph are directed at other Defendants and therefore no

18  response is required. To the extent a response is necessary, McKesson is without knowledge or

19  information sufficient to form a belief as to the truth of the allegations in this paragraph and

20  therefore denies same.

21         40.     The allegations in this paragraph are directed at other Defendants and therefore no

22  response is required. To the extent a response is necessary, McKesson is without knowledge or

23  information sufficient to form a belief as to the truth of the allegations in this paragraph and

24  therefore denies same.

25         41.     The allegations in this paragraph are directed at other Defendants and therefore no

26  response is required. To the extent a response is necessary, McKesson is without knowledge or

27  information sufficient to form a belief as to the truth of the allegations in this paragraph and

28  therefore denies same.

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

42.     The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

43.     The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

44.     The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

45.     The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

46.     The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

47.     The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

48.     The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10ᵗʰ Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

49.     The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

50.     The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

51.     The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

52.     The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

53.     This paragraph is definitional and does not set forth any allegation susceptible to admission or denial and, therefore, no answer is required. In addition, the allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

54.     The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

55.     The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1   therefore denies same.

2       56.     This paragraph is definitional and does not set forth any allegation susceptible to

3   admission or denial and, therefore, no answer is required. In addition, the allegations in this

4   paragraph are directed at other Defendants and therefore no response is required. To the extent a

5   response is necessary, McKesson is without knowledge or information sufficient to form a belief

6   as to the truth of the allegations in this paragraph and therefore denies same.

7       57.     The allegations in this paragraph are directed at other Defendants and therefore no

8   response is required. To the extent a response is necessary, McKesson is without knowledge or

9   information sufficient to form a belief as to the truth of the allegations in this paragraph and

10  therefore denies same.

11      58.     The allegations in this paragraph are directed at other Defendants and therefore no

12  response is required. To the extent a response is necessary, McKesson is without knowledge or

13  information sufficient to form a belief as to the truth of the allegations in this paragraph and

14  therefore denies same.

15      59.     The allegations in this paragraph are directed at other Defendants and therefore no

16  response is required. To the extent a response is necessary, McKesson is without knowledge or

17  information sufficient to form a belief as to the truth of the allegations in this paragraph and

18  therefore denies same.

19      60.     The allegations in this paragraph are directed at other Defendants and therefore no

20  response is required. To the extent a response is necessary, McKesson is without knowledge or

21  information sufficient to form a belief as to the truth of the allegations in this paragraph and

22  therefore denies same.

23      61.     The allegations in this paragraph are directed at other Defendants and therefore no

24  response is required. To the extent a response is necessary, McKesson is without knowledge or

25  information sufficient to form a belief as to the truth of the allegations in this paragraph and

26  therefore denies same.

27      62.     The allegations in this paragraph are directed at other Defendants and therefore no

28  response is required. To the extent a response is necessary, McKesson is without knowledge or

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1   information sufficient to form a belief as to the truth of the allegations in this paragraph and

2   therefore denies same.

3         63.    The allegations in this paragraph are directed at other Defendants and therefore no

4   response is required. To the extent a response is necessary, McKesson is without knowledge or

5   information sufficient to form a belief as to the truth of the allegations in this paragraph and

6   therefore denies same.

7         64.    The allegations in this paragraph are directed at other Defendants and therefore no

8   response is required. To the extent a response is necessary, McKesson is without knowledge or

9   information sufficient to form a belief as to the truth of the allegations in this paragraph and

10   therefore denies same.

11         65.    The allegations in this paragraph are directed at other Defendants and therefore no

12   response is required. To the extent a response is necessary, McKesson is without knowledge or

13   information sufficient to form a belief as to the truth of the allegations in this paragraph and

14   therefore denies same.

15         66.    The allegations in this paragraph are directed at other Defendants and therefore no

16   response is required. To the extent a response is necessary, McKesson is without knowledge or

17   information sufficient to form a belief as to the truth of the allegations in this paragraph and

18   therefore denies same.

19         67.    To the extent this paragraph consists of a statement about a belief, it is not an

20   allegation, and no response is required. In addition, to the extent the allegations in this paragraph

21   are directed at other Defendants, no response is required. To the extent a response is required,

22   this paragraph is specifically denied insofar as it may relate to McKesson, and insofar as it may

23   relate to other Defendants, McKesson is without knowledge or information sufficient to form a

24   belief as to the truth of such allegations and therefore denies same.

25         **<u>Response to "GENERIC TEVA DEFENDANTS"</u>**

26         68.    To the extent that the allegations in this paragraph to other Defendants, no

27   response is required. To the extent a response is necessary, McKesson is without knowledge or

28   information sufficient to form a belief as to the truth of the allegations in this paragraph and

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1  therefore denies same.

2      69.    To the extent that the allegations in this paragraph to other Defendants, no

3  response is required. To the extent a response is necessary, McKesson is without knowledge or

4  information sufficient to form a belief as to the truth of the allegations in this paragraph and

5  therefore denies same.

6      70.    To the extent that the allegations in this paragraph to other Defendants, no

7  response is required. To the extent a response is necessary, McKesson is without knowledge or

8  information sufficient to form a belief as to the truth of the allegations in this paragraph and

9  therefore denies same.

10      71.    To the extent that the allegations in this paragraph to other Defendants, no

11  response is required. To the extent a response is necessary, McKesson is without knowledge or

12  information sufficient to form a belief as to the truth of the allegations in this paragraph and

13  therefore denies same.

14      72.    This paragraph is definitional and does not set forth any allegation susceptible to

15  admission or denial and, therefore, no answer is required. In addition, the allegations in this

16  paragraph are directed at other Defendants and therefore no response is required. To the extent a

17  response is necessary, McKesson is without knowledge or information sufficient to form a belief

18  as to the truth of the allegations in this paragraph and therefore denies same.

19                    **Response to "GENERIC MYLAN DEFENDANTS"**

20      73.    To the extent that the allegations in this paragraph to other Defendants, no

21  response is required. To the extent a response is necessary, McKesson is without knowledge or

22  information sufficient to form a belief as to the truth of the allegations in this paragraph and

23  therefore denies same.

24      74.    To the extent that the allegations in this paragraph to other Defendants, no

25  response is required. To the extent a response is necessary, McKesson is without knowledge or

26  information sufficient to form a belief as to the truth of the allegations in this paragraph and

27  therefore denies same.

28      75.    This paragraph is definitional and does not set forth any allegation susceptible to

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

-14-

admission or denial and, therefore, no answer is required. In addition, the allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

76.     To the extent that the allegations in this paragraph to other Defendants, no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

77.     To the extent that the allegations in this paragraph to other Defendants, no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

78.     To the extent that the allegations in this paragraph to other Defendants, no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

## Response to "GENERIC COVIDIEN DEFENDANTS"

79.     To the extent that the allegations in this paragraph to other Defendants, no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

80.     To the extent that the allegations in this paragraph to other Defendants, no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

81.     To the extent that the allegations in this paragraph to other Defendants, no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1   therefore denies same.

2       82.     To the extent that the allegations in this paragraph to other Defendants, no

3   response is required. To the extent a response is necessary, McKesson is without knowledge or

4   information sufficient to form a belief as to the truth of the allegations in this paragraph and

5   therefore denies same.

6       83.     This paragraph is definitional and does not set forth any allegation susceptible to

7   admission or denial and, therefore, no answer is required. In addition, the allegations in this

8   paragraph are directed at other Defendants and therefore no response is required. To the extent a

9   response is necessary, McKesson is without knowledge or information sufficient to form a belief

10  as to the truth of the allegations in this paragraph and therefore denies same.

11      84.     To the extent that the allegations in this paragraph to other Defendants, no

12  response is required. To the extent a response is necessary, McKesson is without knowledge or

13  information sufficient to form a belief as to the truth of the allegations in this paragraph and

14  therefore denies same.

15      85.     To the extent that the allegations in this paragraph to other Defendants, no

16  response is required. To the extent a response is necessary, McKesson is without knowledge or

17  information sufficient to form a belief as to the truth of the allegations in this paragraph and

18  therefore denies same.

19              **Response to "GENERIC WATSON DEFENDANTS"**

20      86.     To the extent that the allegations in this paragraph to other Defendants, no

21  response is required. To the extent a response is necessary, McKesson is without knowledge or

22  information sufficient to form a belief as to the truth of the allegations in this paragraph and

23  therefore denies same.

24      87.     To the extent that the allegations in this paragraph to other Defendants, no

25  response is required. To the extent a response is necessary, McKesson is without knowledge or

26  information sufficient to form a belief as to the truth of the allegations in this paragraph and

27  therefore denies same.

28      88.     To the extent that the allegations in this paragraph to other Defendants, no

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1    response is required. To the extent a response is necessary, McKesson is without knowledge or

2    information sufficient to form a belief as to the truth of the allegations in this paragraph and

3    therefore denies same.

4                              **Response to "GENERIC DEFENDANTS"**

5          89.       This paragraph is definitional and does not set forth any allegation susceptible to

6    admission or denial and, therefore, no answer is required. In addition, the allegations in this

7    paragraph are directed at other Defendants and therefore no response is required. To the extent a

8    response is necessary, McKesson is without knowledge or information sufficient to form a belief

9    as to the truth of the allegations in this paragraph and therefore denies same.

10                             **RESPONSE TO "PLAINTIFFS"**

11         90.       McKesson is without knowledge or information sufficient to form a belief as to

12   the truth of the allegations in this paragraph and therefore denies same.

13                      **RESPONSE TO "FACTUAL BACKGROUND"**

14        **RESPONSE TO "I. THE DANGERS AND DUBIOUS EFFECTIVENESS OF**

15                              **PROPOXYPHENE PRODUCTS"**

16            **Response to "A. Propoxyphene is a dangerous, ineffective drug."**

17         91.       This paragraph purports to refer to the chemical structure of the product and/or to

18   state medical or scientific conclusions and therefore no response is required. To the extent a

19   response is required, McKesson state that the allegations may be addressed through expert

20   testimony. Subject to the foregoing, McKesson is without knowledge or information sufficient to

21   form a belief as to the truth of the allegations of this paragraph.

22         92.       McKesson is without knowledge or information sufficient to form a belief as to

23   the truth of the allegations of this paragraph.

24         93.       McKesson is without knowledge or information sufficient to form a belief as to

25   the truth of the allegations of this paragraph.

26         94.       McKesson is without knowledge or information sufficient to form a belief as to

27   the truth of the allegations of this paragraph.

28         95.       McKesson is without knowledge or information sufficient to form a belief as to

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1   the truth of the allegations of this paragraph.

2       96.    The allegations in this paragraph are directed at other Defendants and therefore no

3   response is required. To the extent a response is necessary, McKesson admits only that this

4   paragraph purports to refer to certain study results, which speak for themselves. McKesson is

5   without knowledge or information sufficient to form a belief as to the truth of the remaining

6   allegations in this paragraph and therefore denies same.

7       97.    McKesson is without knowledge or information sufficient to form a belief as to

8   the truth of the allegations of this paragraph.

9       98.    McKesson admits only that this paragraph purports to refer to a Citizen Petition

10  filed with the FDA regarding propoxyphene in 1978, which petition speaks for itself. McKesson

11  is without knowledge or information sufficient to form a belief as to the truth of the remaining

12  allegations in this paragraph and therefore denies same.

13      99.    McKesson admits only that this paragraph purports to refer to certain non-clinical

14  study results, which speak for themselves. McKesson is without knowledge or information

15  sufficient to form a belief as to the truth of the remaining allegations in this paragraph and

16  therefore denies same.

17      100.   To the extent the allegations in this paragraph are directed at other Defendants, no

18  response is required. To the extent a response is required, this paragraph is specifically denied

19  insofar as it may relate to McKesson, and insofar as it may relate to other Defendants, McKesson

20  is without knowledge or information sufficient to form a belief as to the truth of such allegations

21  and therefore denies same.

22      101.   McKesson admits only that this paragraph purports to refer to statements of the

23  FDA, which speak for themselves. McKesson is without knowledge or information sufficient to

24  form a belief as to the truth of the remaining allegations in this paragraph and therefore denies

25  same.

26      102.   McKesson is without knowledge or information sufficient to form a belief as to

27  the truth of the remaining allegations in this paragraph and therefore denies same.

28      103.   McKesson is without knowledge or information sufficient to form a belief as to

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

the truth of the remaining allegations in this paragraph and therefore denies same.

104.    McKesson admits only that this paragraph purports to refer to statements and data of the FDA, which speak for themselves. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

**Response to "B. Great Britain and Europe Withdrew Propoxyphene Products."**

105.    McKesson admits only that this paragraph purports to refer to a letter from the United Kingdom Committee on Safety of Medicines (CSM) to healthcare professionals dated January 31, 2005, which letter speaks for itself. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

106.    McKesson admits only that this paragraph purports to refer to a letter from the United Kingdom Committee on Safety of Medicines (CSM) to healthcare professionals dated January 31, 2005, which letter speaks for itself. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

107.    McKesson admits only that this paragraph purports to refer to a letter from the United Kingdom Committee on Safety of Medicines (CSM) to healthcare professionals dated January 31, 2005, which letter speaks for itself. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

108.    McKesson admits only that this paragraph purports to refer to a letter from the United Kingdom Committee on Safety of Medicines (CSM) to healthcare professionals dated January 31, 2005, which letter speaks for itself. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

109.    McKesson admits only that this paragraph purports to refer to a 2009 study titled "Effect of Withdrawal of Co-Proxamol [propoxyphene-acetaminophen] on Prescribing and

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

Deaths from Drug Poisoning in England and Wales: Time Series Analysis," which speaks for itself. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

110.    McKesson admits only that this paragraph purports to refer to a June 25, 2009 press release by the European Medicines Agency (EMEA), which speaks for itself. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

111.    McKesson admits only that this paragraph purports to refer to a June 25, 2009 press release by the EMEA, which speaks for itself. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

112.    McKesson admits only that this paragraph purports to refer to a June 25, 2009 press release by the EMEA, which speaks for itself. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

**Response to "C. The FDA called for the recall of Propoxyphene Products after determining that their risks outweighed their benefits."**

113.    McKesson admits only that this paragraph purports to refer to a 2008 report by the Florida Medical Examiners, which speaks for itself. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

114.    McKesson admits only that this paragraph purports to refer to a 2009 report by the Florida Medical Examiners, which speaks for itself. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

115.    McKesson admits only that this paragraph purports to refer to 2009 data presented by the Drug Abuse Warning Network to the FDA, which speaks for itself. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1    in this paragraph and therefore denies same.

2        116.    To the extent the allegations in this paragraph are directed at other Defendants, no

3    response is required. To the extent a response is required, this paragraph is specifically denied

4    insofar as it may relate to McKesson, and insofar as it may relate to other Defendants, McKesson

5    is without knowledge or information sufficient to form a belief as to the truth of such allegations

6    and therefore denies same.

7        117.    McKesson is without knowledge or information sufficient to form a belief as to

8    the truth of the allegations in this paragraph and therefore denies same.

9        118.    McKesson admits only that this paragraph purports to refer to a 2009 decision by

10   the FDA Advisory Committee, which speaks for itself. McKesson is without knowledge or

11   information sufficient to form a belief as to the truth of the remaining allegations in this

12   paragraph and therefore denies same.

13       119.    McKesson admits only that this paragraph purports to refer to a 2009 decision by

14   the FDA, which speaks for itself. McKesson is without knowledge or information sufficient to

15   form a belief as to the truth of the remaining allegations in this paragraph and therefore denies

16   same.

17       120.    The allegations in this paragraph are directed at other Defendants and therefore no

18   response is required. To the extent a response is necessary, McKesson admits only that this

19   paragraph purports to refer to a 2009 decision by the FDA, which speaks for itself. McKesson is

20   without knowledge or information sufficient to form a belief as to the truth of the remaining

21   allegations in this paragraph and therefore denies same.

22       121.    The allegations in this paragraph are directed at other Defendants and therefore no

23   response is required. To the extent a response is necessary, McKesson admits only that this

24   paragraph purports to refer to a 2009 decision by the FDA, which speaks for itself. McKesson is

25   without knowledge or information sufficient to form a belief as to the truth of the remaining

26   allegations in this paragraph and therefore denies same.

27       122.    The allegations in this paragraph are directed at other Defendants and therefore no

28   response is required. To the extent a response is necessary, McKesson admits only that this

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

paragraph purports to refer to a 2009 decision by the FDA, which speaks for itself. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

123.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson admits only that this paragraph purports to refer to a 2009 decision by the FDA, which speaks for itself. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

124.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson admits only that this paragraph purports to refer to a 2009 decision by the FDA, which speaks for itself. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

125.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson admits only that this paragraph purports to refer to a 2009 decision by the FDA, which speaks for itself. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

126.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

127.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

128.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1    information sufficient to form a belief as to the truth of the allegations in this paragraph and
2    therefore denies same.

3        129.    The allegations in this paragraph are directed at other Defendants and therefore no
4    response is required. To the extent a response is necessary, McKesson is without knowledge or
5    information sufficient to form a belief as to the truth of the allegations in this paragraph and
6    therefore denies same.

7        130.    The allegations in this paragraph are directed at other Defendants and therefore no
8    response is required. To the extent a response is necessary, McKesson is without knowledge or
9    information sufficient to form a belief as to the truth of the allegations in this paragraph and
10   therefore denies same.

11       131.    The allegations in this paragraph are directed at other Defendants and therefore no
12   response is required. To the extent a response is necessary, McKesson is without knowledge or
13   information sufficient to form a belief as to the truth of the allegations in this paragraph and
14   therefore denies same.

15       132.    This paragraph purports to state medical or scientific conclusions and therefore no
16   response is required. To the extent a response is required, McKesson state that the allegations
17   may be addressed through expert testimony. Subject to the foregoing, McKesson is without
18   knowledge or information sufficient to form a belief as to the truth of the remaining allegations
19   in this paragraph and therefore denies same.

20       133.    This paragraph purports to state medical or scientific conclusions and therefore no
21   response is required. To the extent a response is required, McKesson state that the allegations
22   may be addressed through expert testimony. Subject to the foregoing, McKesson is without
23   knowledge or information sufficient to form a belief as to the truth of the allegations in this
24   paragraph and therefore denies same.

25       134.    This paragraph purports to state medical or scientific conclusions and therefore no
26   response is required. To the extent a response is required, McKesson state that the allegations
27   may be addressed through expert testimony. Subject to the foregoing, McKesson is without
28   knowledge or information sufficient to form a belief as to the truth of the allegations in this

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1    paragraph and therefore denies same.

2         135.    This paragraph purports to state medical or scientific conclusions and therefore no

3    response is required. To the extent a response is required, McKesson state that the allegations

4    may be addressed through expert testimony. Subject to the foregoing, McKesson is without

5    knowledge or information sufficient to form a belief as to the truth of the allegations in this

6    paragraph and therefore denies same.

7         136.    McKesson admits only that this paragraph implicitly refers to a November 19,

8    2010 announcement by the FDA, which speaks for itself. McKesson is without knowledge or

9    information sufficient to form a belief as to the truth of the remaining allegations in this

10   paragraph and therefore denies same.

11        137.    McKesson admits only that this paragraph purports to refer to a November 19,

12   2010 announcement by the FDA, which speaks for itself. McKesson is without knowledge or

13   information sufficient to form a belief as to the truth of the remaining allegations in this

14   paragraph and therefore denies same.

15        138.    McKesson admits only that this paragraph purports to refer to a request by the

16   FDA, which speaks for itself. McKesson is without knowledge or information sufficient to form

17   a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

18        139.    McKesson admits only that this paragraph purports to refer to a November 19,

19   2010 announcement by the FDA, which speaks for itself. McKesson is without knowledge or

20   information sufficient to form a belief as to the truth of the remaining allegations in this

21   paragraph and therefore denies same.

22        140.    McKesson admits only that this paragraph purports to refer to a November 19,

23   2010 press release by the FDA, which speaks for itself. McKesson is without knowledge or

24   information sufficient to form a belief as to the truth of the remaining allegations in this

25   paragraph and therefore denies same.

26

Goodman Neuman
Hamilton LLP        27

417 Montgomery Street
10th Floor
San Francisco, CA 94104     28
Tel.: (415) 705-0400

**RESPONSE TO "II. DEFENDANTS' NEGLIGENT AND WRONGFUL MARKETING, DISTRIBUTING AND SALE OF DEFECTIVELY DESIGNED PROPOXYPHENE PRODUCTS"**

141.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

142.    McKesson admits only that this paragraph purports to refer to a Citizen Petition filed with the FDA regarding propoxyphene in 1978, which petition speaks for itself. McKesson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies same.

143.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

144.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

145.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

146.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

147.    The allegations in this paragraph are directed at other Defendants and therefore no

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1   response is required. To the extent a response is necessary, McKesson is without knowledge or

2   information sufficient to form a belief as to the truth of the allegations in this paragraph and

3   therefore denies same.

4   148.    The allegations in this paragraph are directed at other Defendants and therefore no

5   response is required. To the extent a response is necessary, McKesson is without knowledge or

6   information sufficient to form a belief as to the truth of the allegations in this paragraph and

7   therefore denies same.

8   149.    The allegations in this paragraph are directed at other Defendants and therefore no

9   response is required. To the extent a response is necessary, McKesson is without knowledge or

10  information sufficient to form a belief as to the truth of the allegations in this paragraph and

11  therefore denies same.

12  150.    The allegations in this paragraph are directed at other Defendants and therefore no

13  response is required. To the extent a response is necessary, McKesson is without knowledge or

14  information sufficient to form a belief as to the truth of the allegations in this paragraph and

15  therefore denies same.

16  151.    The allegations in this paragraph are directed at other Defendants and therefore no

17  response is required. To the extent a response is necessary, McKesson is without knowledge or

18  information sufficient to form a belief as to the truth of the allegations in this paragraph and

19  therefore denies same.

20  152.    The allegations in this paragraph are directed at other Defendants and therefore no

21  response is required. To the extent a response is necessary, McKesson is without knowledge or

22  information sufficient to form a belief as to the truth of the allegations in this paragraph and

23  therefore denies same.

24  153.    The allegations in this paragraph, including its subparts, are directed at other

25  Defendants and therefore no response is required. To the extent a response is necessary,

26  McKesson is without knowledge or information sufficient to form a belief as to the truth of the

27  allegations in this paragraph and therefore denies same.

28  154.    The allegations in this paragraph, including its subparts, are directed at other

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1  Defendants and therefore no response is required. To the extent a response is necessary,

2  McKesson is without knowledge or information sufficient to form a belief as to the truth of the

3  allegations in this paragraph and therefore denies same.

4       155.    To the extent the allegations in this paragraph are directed at other Defendants, no

5  response is required. To the extent a response is required, this paragraph is specifically denied

6  insofar as it may relate to McKesson, and insofar as it may relate to other Defendants, McKesson

7  is without knowledge or information sufficient to form a belief as to the truth of such allegations

8  and therefore denies same.

9       156.    To the extent the allegations in this paragraph are directed at other Defendants, no

10  response is required. To the extent a response is required, this paragraph is specifically denied

11  insofar as it may relate to McKesson, and insofar as it may relate to other Defendants, McKesson

12  is without knowledge or information sufficient to form a belief as to the truth of such allegations

13  and therefore denies same.

14       157.    To the extent the allegations in this paragraph are directed at other Defendants, no

15  response is required. To the extent a response is required, this paragraph is specifically denied

16  insofar as it may relate to McKesson, and insofar as it may relate to other Defendants, McKesson

17  is without knowledge or information sufficient to form a belief as to the truth of such allegations

18  and therefore denies same.

19       158.    To the extent the allegations in this paragraph are directed at other Defendants, no

20  response is required. To the extent a response is required, this paragraph is specifically denied

21  insofar as it may relate to McKesson, and insofar as it may relate to other Defendants, McKesson

22  is without knowledge or information sufficient to form a belief as to the truth of such allegations

23  and therefore denies same.

24       159.    To the extent the allegations in this paragraph are directed at other Defendants, no

25  response is required. To the extent a response is required, this paragraph is specifically denied

26  insofar as it may relate to McKesson, and insofar as it may relate to other Defendants, McKesson

27  is without knowledge or information sufficient to form a belief as to the truth of such allegations

28  and therefore denies same.

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

160. To the extent the allegations in this paragraph are directed at other Defendants, no response is required. To the extent a response is required, this paragraph, including its subparts, is specifically denied insofar as it may relate to McKesson, and insofar as it may relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

161. To the extent the allegations in this paragraph are directed at other Defendants, no response is required. To the extent a response is required, this paragraph is specifically denied insofar as it may relate to McKesson, and insofar as it may relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

162. To the extent the allegations in this paragraph are directed at other Defendants, no response is required. To the extent a response is required, this paragraph is specifically denied insofar as it may relate to McKesson, and insofar as it may relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

163. To the extent the allegations in this paragraph are directed at other Defendants, no response is required. To the extent a response is required, this paragraph is specifically denied insofar as it may relate to McKesson, and insofar as it may relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

164. To the extent the allegations in this paragraph are directed at other Defendants, no response is required. To the extent a response is required, this paragraph is specifically denied insofar as it may relate to McKesson, and insofar as it may relate to other Defendants, McKesson is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

165. To the extent the allegations in this paragraph are directed at other Defendants, no response is required. To the extent a response is required, this paragraph is specifically denied insofar as it may relate to McKesson, and insofar as it may relate to other Defendants, McKesson

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

**RESPONSE TO "III. INNOVATOR AND BRAND DEFENDANTS' OWNERSHIP AND TRANSFERS OF THE DARVOCET AND DARVON NDAS"**

**Response to "A. Eli Lilly owned and then transferred the Darvocet and Darvon NDAs."**

166.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

167.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

168.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

169.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

170.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

171.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1  therefore denies same.

2     172.    The allegations in this paragraph and each of its subparts are directed at other

3  Defendants and therefore no response is required. To the extent a response is necessary,

4  McKesson is without knowledge or information sufficient to form a belief as to the truth of the

5  allegations in this paragraph and therefore denies same.

6     173.    The allegations in this paragraph are directed at other Defendants and therefore no

7  response is required. To the extent a response is necessary, McKesson is without knowledge or

8  information sufficient to form a belief as to the truth of the allegations in this paragraph and

9  therefore denies same.

10    174.    The allegations in this paragraph and each of its subparts are directed at other

11 Defendants and therefore no response is required. To the extent a response is necessary,

12 McKesson is without knowledge or information sufficient to form a belief as to the truth of the

13 allegations in this paragraph and therefore denies same.

14    175.    The allegations in this paragraph and each of its subparts are directed at other

15 Defendants and therefore no response is required. To the extent a response is necessary,

16 McKesson is without knowledge or information sufficient to form a belief as to the truth of the

17 allegations in this paragraph and therefore denies same.

18    176.    The allegations in this paragraph are directed at other Defendants and therefore no

19 response is required. To the extent a response is necessary, McKesson is without knowledge or

20 information sufficient to form a belief as to the truth of the allegations in this paragraph and

21 therefore denies same.

22    177.    The allegations in this paragraph are directed at other Defendants and therefore no

23 response is required. To the extent a response is necessary, McKesson is without knowledge or

24 information sufficient to form a belief as to the truth of the allegations in this paragraph and

25 therefore denies same.

26    178.    The allegations in this paragraph are directed at other Defendants and therefore no

27 response is required. To the extent a response is necessary, McKesson is without knowledge or

28 information sufficient to form a belief as to the truth of the allegations in this paragraph and

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1  therefore denies same.

2      179.    The allegations in this paragraph are directed at other Defendants and therefore no

3  response is required. To the extent a response is necessary, McKesson is without knowledge or

4  information sufficient to form a belief as to the truth of the allegations in this paragraph and

5  therefore denies same.

6      180.    The allegations in this paragraph are directed at other Defendants and therefore no

7  response is required. To the extent a response is necessary, McKesson is without knowledge or

8  information sufficient to form a belief as to the truth of the allegations in this paragraph and

9  therefore denies same.

10     181.    The allegations in this paragraph are directed at other Defendants and therefore no

11  response is required. To the extent a response is necessary, McKesson is without knowledge or

12  information sufficient to form a belief as to the truth of the allegations in this paragraph and

13  therefore denies same.

14     182.    The allegations in this paragraph are directed at other Defendants and therefore no

15  response is required. To the extent a response is necessary, McKesson is without knowledge or

16  information sufficient to form a belief as to the truth of the allegations in this paragraph and

17  therefore denies same.

18  **Response to "B. The aaiPharma Entities Were Investigated for Securities Fraud and Filed**

19  **for Bankruptcy."**

20     183.    The allegations in this paragraph are directed at other Defendants and therefore no

21  response is required. To the extent a response is necessary, McKesson is without knowledge or

22  information sufficient to form a belief as to the truth of the allegations in this paragraph and

23  therefore denies same.

24     184.    The allegations in this paragraph are directed at other Defendants and therefore no

25  response is required. To the extent a response is necessary, McKesson is without knowledge or

26  information sufficient to form a belief as to the truth of the allegations in this paragraph and

27  therefore denies same.

28     185.    The allegations in this paragraph are directed at other Defendants and therefore no

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1  response is required. To the extent a response is necessary, McKesson is without knowledge or

2  information sufficient to form a belief as to the truth of the allegations in this paragraph and

3  therefore denies same.

4       186.    The allegations in this paragraph are directed at other Defendants and therefore no

5  response is required. To the extent a response is necessary, McKesson is without knowledge or

6  information sufficient to form a belief as to the truth of the allegations in this paragraph and

7  therefore denies same.

8       187.    The allegations in this paragraph are directed at other Defendants and therefore no

9  response is required. To the extent a response is necessary, McKesson is without knowledge or

10  information sufficient to form a belief as to the truth of the allegations in this paragraph and

11  therefore denies same.

12       188.    The allegations in this paragraph are directed at other Defendants and therefore no

13  response is required. To the extent a response is necessary, McKesson is without knowledge or

14  information sufficient to form a belief as to the truth of the allegations in this paragraph and

15  therefore denies same.

16  **Response to "C. Xanodyne acquired the NDAs for Darvocet and Darvon and assumed the**

17  **aaiPharma Entities' obligations to Eli Lilly"**

18       189.    The allegations in this paragraph are directed at other Defendants and therefore no

19  response is required. To the extent a response is necessary, McKesson is without knowledge or

20  information sufficient to form a belief as to the truth of the allegations in this paragraph and

21  therefore denies same.

22       190.    The allegations in this paragraph and each of its subparts are directed at other

23  Defendants and therefore no response is required. To the extent a response is necessary,

24  McKesson is without knowledge or information sufficient to form a belief as to the truth of the

25  allegations in this paragraph and therefore denies same.

26       191.    The allegations in this paragraph are directed at other Defendants and therefore no

27  response is required. To the extent a response is necessary, McKesson is without knowledge or

28  information sufficient to form a belief as to the truth of the allegations in this paragraph and

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

therefore denies same.

192.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

193.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

194.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

195.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

196.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

197.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

198.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1    therefore denies same.

2         199.    The allegations in this paragraph are directed at other Defendants and therefore no

3    response is required. To the extent a response is necessary, McKesson is without knowledge or

4    information sufficient to form a belief as to the truth of the allegations in this paragraph and

5    therefore denies same.

6         200.    The allegations in this paragraph are directed at other Defendants and therefore no

7    response is required. To the extent a response is necessary, McKesson is without knowledge or

8    information sufficient to form a belief as to the truth of the allegations in this paragraph and

9    therefore denies same.

10   **Response to "D. Both the aiiPharma Entities and Xanodyne sold Darvocet and Darvon**

11   **labeled by Eli Lilly."**

12        201.    The allegations in this paragraph are directed at other Defendants and therefore no

13   response is required. To the extent a response is necessary, McKesson is without knowledge or

14   information sufficient to form a belief as to the truth of the allegations in this paragraph and

15   therefore denies same.

16        202.    The allegations in this paragraph are directed at other Defendants and therefore no

17   response is required. To the extent a response is necessary, McKesson is without knowledge or

18   information sufficient to form a belief as to the truth of the allegations in this paragraph and

19   therefore denies same.

20        203.    The allegations in this paragraph are directed at other Defendants and therefore no

21   response is required. To the extent a response is necessary, McKesson is without knowledge or

22   information sufficient to form a belief as to the truth of the allegations in this paragraph and

23   therefore denies same.

24        204.    The allegations in this paragraph are directed at other Defendants and therefore no

25   response is required. To the extent a response is necessary, McKesson is without knowledge or

26   information sufficient to form a belief as to the truth of the allegations in this paragraph and

27   therefore denies same.

28        205.    The allegations in this paragraph are directed at other Defendants and therefore no

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1    response is required. To the extent a response is necessary, McKesson is without knowledge or

2    information sufficient to form a belief as to the truth of the allegations in this paragraph and

3    therefore denies same.

4          206.    The allegations in this paragraph are directed at other Defendants and therefore no

5    response is required. To the extent a response is necessary, McKesson is without knowledge or

6    information sufficient to form a belief as to the truth of the allegations in this paragraph and

7    therefore denies same.

8          207.    The allegations in this paragraph are directed at other Defendants and therefore no

9    response is required. To the extent a response is necessary, McKesson is without knowledge or

10   information sufficient to form a belief as to the truth of the allegations in this paragraph and

11   therefore denies same.

12         208.    The allegations in this paragraph are directed at other Defendants and therefore no

13   response is required. To the extent a response is necessary, McKesson is without knowledge or

14   information sufficient to form a belief as to the truth of the allegations in this paragraph and

15   therefore denies same.

16         209.    The allegations in this paragraph are directed at other Defendants and therefore no

17   response is required. To the extent a response is necessary, McKesson is without knowledge or

18   information sufficient to form a belief as to the truth of the allegations in this paragraph and

19   therefore denies same.

20         210.    The allegations in this paragraph are directed at other Defendants and therefore no

21   response is required. To the extent a response is necessary, McKesson is without knowledge or

22   information sufficient to form a belief as to the truth of the allegations in this paragraph and

23   therefore denies same.

24         **Response to "E. Xanodyne was Obligated to Pay Royalties to Eli Lilly for Its Sales of**

25                                      **Darvocet."**

26         211.    The allegations in this paragraph are directed at other Defendants and therefore no

27   response is required. To the extent a response is necessary, McKesson is without knowledge or

28   information sufficient to form a belief as to the truth of the allegations in this paragraph and

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1   therefore denies same.

2       212.    The allegations in this paragraph are directed at other Defendants and therefore no

3   response is required. To the extent a response is necessary, McKesson is without knowledge or

4   information sufficient to form a belief as to the truth of the allegations in this paragraph and

5   therefore denies same.

6       213.    The allegations in this paragraph are directed at other Defendants and therefore no

7   response is required. To the extent a response is necessary, McKesson is without knowledge or

8   information sufficient to form a belief as to the truth of the allegations in this paragraph and

9   therefore denies same.

10   **Response to "F. Xanodyne Relied on Third Parties to Manufacture and Perform Other**

11   **Services Related to Its Product Line of Propoxyphene Products."**

12       214.    The allegations in this paragraph are directed at other Defendants and therefore no

13   response is required. To the extent a response is necessary, McKesson is without knowledge or

14   information sufficient to form a belief as to the truth of the allegations in this paragraph and

15   therefore denies same.

16       215.    The allegations in this paragraph are directed at other Defendants and therefore no

17   response is required. To the extent a response is necessary, McKesson is without knowledge or

18   information sufficient to form a belief as to the truth of the allegations in this paragraph and

19   therefore denies same.

20       216.    The allegations in this paragraph are directed at other Defendants and therefore no

21   response is required. To the extent a response is necessary, McKesson is without knowledge or

22   information sufficient to form a belief as to the truth of the allegations in this paragraph and

23   therefore denies same.

24       217.    The allegations in this paragraph are directed at other Defendants and therefore no

25   response is required. To the extent a response is necessary, McKesson is without knowledge or

26   information sufficient to form a belief as to the truth of the allegations in this paragraph and

27   therefore denies same.

28       218.    The allegations in this paragraph are directed at other Defendants and therefore no

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1    response is required. To the extent a response is necessary, McKesson is without knowledge or

2    information sufficient to form a belief as to the truth of the allegations in this paragraph and

3    therefore denies same.

4          **Response to "G. The Innovator and Brand Defendants Were Inter-Related."**

5          219.    The allegations in this paragraph are directed at other Defendants and therefore no

6    response is required. To the extent a response is necessary, McKesson is without knowledge or

7    information sufficient to form a belief as to the truth of the allegations in this paragraph and

8    therefore denies same.

9          220.    The allegations in this paragraph are directed at other Defendants and therefore no

10   response is required. To the extent a response is necessary, McKesson is without knowledge or

11   information sufficient to form a belief as to the truth of the allegations in this paragraph and

12   therefore denies same.

13         221.    This paragraph purports to state a legal conclusion to which no response is

14   required. In addition, the allegations in this paragraph are directed at other Defendants and

15   therefore no response is required. To the extent a response is necessary, McKesson is without

16   knowledge or information sufficient to form a belief as to the truth of the allegations in this

17   paragraph and therefore denies same.

18         **RESPONSE TO "IV. NDC NUMBERS AND PLAINTIFFS AND DECEDENTS**

19                 **INGESTION OF PROPOXYPHENE PRODUCTS"**

20         222.    To the extent the allegations in this paragraph are directed at other Defendants, no

21   response is required. To the extent a response is required, this paragraph is specifically denied

22   insofar as it may relate to McKesson, and insofar as it may relate to other Defendants, McKesson

23   is without knowledge or information sufficient to form a belief as to the truth of such allegations

24   and therefore denies same.

25         223.    This paragraph purports to state a legal conclusion to which no response is

26   required. To the extent a response is required, this paragraph is denied.

27         224.    This paragraph purports to state a legal conclusion to which no response is

28   required. To the extent a response is required, McKesson is without knowledge or information

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1    sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies

2    same.

3        225.    McKesson admits only that this paragraph purports to refer to 21 C.F.R. 201.2,

4    which speaks for itself. Any remaining allegations in this paragraph are denied.

5        226.    McKesson is without knowledge or information sufficient to form a belief as to

6    the truth of the allegations in this paragraph, and therefore denies same.

7        227.    McKesson is without knowledge or information sufficient to form a belief as to

8    the truth of the allegations in this paragraph, and therefore denies same.

9        228.    McKesson admits only that this paragraph purports to refer to the preamble to the

10   FDA's NDC directory, which speaks for itself. Any remaining allegations in this paragraph are

11   denied.

12       229.    This paragraph states a legal conclusion to which no response is required. To the

13   extent a response is required, McKesson is without knowledge or information sufficient to form

14   a belief as to the truth of the allegations in this paragraph 215, and therefore denies same.

15   **RESPONSE TO "FIRST CAUSE OF ACTION – STRICT PRODUCTS LIABILITY -**

16   **DESIGN DEFECT (AGAINST ALL DEFENDANTS)"**

17       230.    McKesson incorporates by reference its responses to the preceding paragraphs

18   with the same legal force and effect as if fully set forth at length herein.

19       231.    The allegations in this paragraph are directed at other Defendants and therefore no

20   response is required. To the extent a response is necessary, McKesson is without knowledge or

21   information sufficient to form a belief as to the truth of the allegations in this paragraph and

22   therefore denies same.

23       232.    The allegations in this paragraph are directed at other Defendants and therefore no

24   response is required. To the extent a response is necessary, McKesson is without knowledge or

25   information sufficient to form a belief as to the truth of the allegations in this paragraph and

26   therefore denies same.

27       233.    McKesson is without knowledge or information sufficient to form a belief as to

28   the truth of the allegations in this paragraph and therefore denies same.

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

234.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

235.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

236.   McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

237.   This paragraph is denied.

238.   This paragraph is denied.

239.   McKesson denies the allegations of this paragraph insofar as it states that propoxyphene was unreasonably dangerous and defective. McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegation that the propoxyphene-containing medication reached Plaintiffs "without substantial change" in the condition in which it was sold, and therefore deny same. Any remaining allegations of this paragraph are denied.

240.   This paragraph is denied, except that McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs used the medicine "in the intended and prescribed manner," and therefore denies same.

241.   This paragraph is denied.

242.   This paragraph is denied.

Plaintiffs' WHEREFORE clause is denied in its entirety.

**RESPONSE TO "SECOND CAUSE OF ACTION – STRICT PRODUCTS LIABILITY – FAILURE TO WARN (AGAINST ALL DEFENDANTS)"**

243.   McKesson incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

244.   The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

245.   The allegations in this paragraph are directed at other Defendants and therefore no

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1  response is required. To the extent a response is necessary, McKesson is without knowledge or

2  information sufficient to form a belief as to the truth of the allegations in this paragraph and

3  therefore denies same.

4    246.    This paragraph and each of its subparts are denied.

5    247.    This paragraph is denied.

6    248.    McKesson is without knowledge or information sufficient to form a belief as to

7  the truth of the allegations in this paragraph, and therefore denies same.

8    249.    This paragraph is denied.

9    250.    This paragraph and each of its subparts are denied.

10    251.    The allegations in this paragraph are directed at other Defendants and therefore no

11  response is required. To the extent a response is necessary, McKesson is without knowledge or

12  information sufficient to form a belief as to the truth of the allegations in this paragraph and

13  therefore denies same.

14    252.    The allegations in this paragraph are directed at other Defendants and therefore no

15  response is required. To the extent a response is necessary, McKesson is without knowledge or

16  information sufficient to form a belief as to the truth of the allegations in this paragraph and

17  therefore denies same.

18    253.    The allegations in this paragraph are directed at other Defendants and therefore no

19  response is required. To the extent a response is necessary, McKesson is without knowledge or

20  information sufficient to form a belief as to the truth of the allegations in this paragraph and

21  therefore denies same.

22    254.    This paragraph is denied.

23    255.    This paragraph is denied.

24    256.    This paragraph is denied.

25    257.    This paragraph is denied.

26    258.    McKesson denies the allegations of this paragraph insofar as it states that

27  propoxyphene was unreasonably dangerous and defective. McKesson is without knowledge or

28  information sufficient to form a belief as to the truth of the allegation that the propoxyphene-

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1   containing medication reached Plaintiffs "without substantial change" in the condition in which

2   it was sold, and therefore denies same. Any remaining allegations of this paragraph are denied.

3       259.    This paragraph is denied, except that McKesson is without knowledge or

4   information sufficient to form a belief as to the truth of the allegation that Plaintiffs used the

5   medicine "in the intended and prescribed manner," and therefore denies same.

6       260.    This paragraph is denied.

7   Plaintiffs' WHEREFORE clause is denied in its entirety.

8   **RESPONSE TO "THIRD CAUSE OF ACTION – STRICT LIABILITY IN TORT**

9   **(AGAINST ALL DEFENDANTS)"**

10      261.    McKesson incorporates by reference its responses to the preceding paragraphs

11  with the same legal force and effect as if fully set forth at length herein.

12      262.    This paragraph is denied.

13      263.    This paragraph is denied.

14      264.    This paragraph is denied.

15      265.    This paragraph is denied.

16  Plaintiffs' WHEREFORE clause is denied in its entirety.

17  **RESPONSE TO "FOURTH CAUSE OF ACTION – NEGLIGENT DESIGN (AGAINST**

18  **ALL DEFENDANTS)"**

19      266.    McKesson incorporates by reference its responses to the preceding paragraphs

20  with the same legal force and effect as if fully set forth at length herein.

21      267.    The allegations in this paragraph are directed at other Defendants and therefore no

22  response is required. To the extent a response is necessary, McKesson is without knowledge or

23  information sufficient to form a belief as to the truth of the allegations in this paragraph and

24  therefore denies same.

25      268.    The allegations in this paragraph are directed at other Defendants and therefore no

26  response is required. To the extent a response is necessary, McKesson is without knowledge or

27  information sufficient to form a belief as to the truth of the allegations in this paragraph and

28  therefore denies same.

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

269.    This paragraph states legal conclusions as to which no response is required. In addition, the allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson admits only those duties imposed by law, but expressly denies the breach of any applicable duty. Any remaining allegations in this paragraph are denied.

270.    This paragraph is denied.

271.    This paragraph is denied.

272.    This paragraph is denied, except that McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the manner of the alleged purchase of propoxyphene by Plaintiffs and Decedents and therefore denies same.

273.    This paragraph is denied.

274.    This paragraph is denied.

275.    This paragraph is denied.

276.    This paragraph is denied.

277.    This paragraph is denied.

Plaintiffs' WHEREFORE clause is denied in its entirety.

**RESPONSE TO "FIFTH CAUSE OF ACTION – NEGLIGENCE (AGAINST ALL DEFENDANTS)"**

278.    McKesson incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

279.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

280.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

-42-

therefore denies same.

281.    This paragraph and each of its subparts states legal conclusions as to which no response is required. In addition, the allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson admits only those duties imposed by law, but expressly denies the breach of any applicable duty. Any remaining allegations in this paragraph are denied.

282.    This paragraph and each of its subparts states legal conclusions as to which no response is required. In addition, the allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson admits only those duties imposed by law, but expressly denies the breach of any applicable duty. Any remaining allegations in this paragraph are denied.

283.    This paragraph is denied.

284.    This paragraph is denied, except that McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph 270 regarding the manner of the alleged purchase and use of propoxyphene by Plaintiffs and Decedents and therefore denies same.

285.    This paragraph is denied.

286.    This paragraph is denied.

287.    This paragraph is denied.

288.    This paragraph is denied.

289.    This paragraph is denied.

Plaintiffs' WHEREFORE clause is denied in its entirety.

**RESPONSE TO "SIXTH CAUSE OF ACTION – NEGLIGENT FAILURE TO WARN (AGAINST ALL DEFENDANTS)"**

290.    McKesson incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

291.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

-43-

1   information sufficient to form a belief as to the truth of the allegations in this paragraph and

2   therefore denies same.

3        292.    The allegations in this paragraph are directed at other Defendants and therefore no

4   response is required. To the extent a response is necessary, McKesson is without knowledge or

5   information sufficient to form a belief as to the truth of the allegations in this paragraph and

6   therefore denies same.

7        293.    McKesson admits only that this paragraph and each of its subparts purport to refer

8   to the Food and Drug Administration Amendments Act of 2007, which speaks for itself. In

9   addition, the allegations in this paragraph are directed at other Defendants and therefore no

10  response is required. To the extent a response is necessary, McKesson is without knowledge or

11  information sufficient to form a belief as to the truth of the allegations in this paragraph and

12  therefore denies same.

13       294.    This paragraph and each of its subparts are denied.

14       295.    This paragraph is denied.

15       296.    This paragraph and each of its subparts are denied.

16       297.    This paragraph is denied, except that McKesson is without knowledge or

17  information sufficient to form a belief as to the truth of the allegations in this paragraph

18  regarding the awareness of Plaintiffs and Decedents and their prescribing physicians regarding

19  propoxyphene and therefore denies same.

20       298.    This paragraph is denied.

21       299.    This paragraph and each of its subparts are denied.

22       300.    The allegations in this paragraph are directed at other Defendants and therefore no

23  response is required. To the extent a response is necessary, McKesson is without knowledge or

24  information sufficient to form a belief as to the truth of the allegations in this paragraph and

25  therefore denies same.

26       301.    The allegations in this paragraph are directed at other Defendants and therefore no

27  response is required. To the extent a response is necessary, McKesson is without knowledge or

28  information sufficient to form a belief as to the truth of the allegations in this paragraph and

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

-44-

1   therefore denies same.

2       302.    The allegations in this paragraph are directed at other Defendants and therefore no

3   response is required. To the extent a response is necessary, McKesson is without knowledge or

4   information sufficient to form a belief as to the truth of the allegations in this paragraph and

5   therefore denies same.

6       303.    This paragraph is denied.

7       304.    This paragraph is denied.

8       305.    This paragraph is denied.

9       306.    This paragraph and each of its subparts are denied.

10      307.    This paragraph is denied.

11      308.    This paragraph is denied.

12      309.    This paragraph is denied.

13      310.    This paragraph is denied.

14      Plaintiffs' WHEREFORE clause is denied in its entirety.

15  **RESPONSE TO "SEVENTH CAUSE OF ACTION – FRAUDULENT NONDISCLOSURE**

16  **(AGAINST ALL DEFENDANTS)"**

17      311.    McKesson incorporates by reference its responses to the preceding paragraphs

18  with the same legal force and effect as if fully set forth at length herein.

19      312.    The allegations in this paragraph are directed at other Defendants and therefore no

20  response is required. To the extent a response is necessary, McKesson is without knowledge or

21  information sufficient to form a belief as to the truth of the allegations in this paragraph and

22  therefore denies same.

23      313.    The allegations in this paragraph are directed at other Defendants and therefore no

24  response is required. To the extent a response is necessary, McKesson is without knowledge or

25  information sufficient to form a belief as to the truth of the allegations in this paragraph and

26  therefore denies same.

27      314.    McKesson admits only that this paragraph and each of its subparts purport to refer

28  to the Food and Drug Administration Amendments Act of 2007, which speaks for itself. In

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

-45-

1  addition, the allegations in this paragraph are directed at other Defendants and therefore no
2  response is required. To the extent a response is necessary, McKesson is without knowledge or
3  information sufficient to form a belief as to the truth of the allegations in this paragraph and
4  therefore denies same.

5       315.   This paragraph and each of its subparts are denied.

6       316.   This paragraph is denied.

7       317.   This paragraph and each of its subparts are denied.

8       318.   This paragraph is denied, except that McKesson is without knowledge or
9  information sufficient to form a belief as to the truth of the allegations in this paragraph 304
10 regarding the awareness of Plaintiffs and Decedents and their prescribing physicians regarding
11 propoxyphene and therefore denies same.

12      319.   This paragraph is denied.

13      320.   This paragraph and each of its subparts are denied.

14      321.   The allegations in this paragraph are directed at other Defendants and therefore no
15 response is required. To the extent a response is necessary, McKesson is without knowledge or
16 information sufficient to form a belief as to the truth of the allegations in this paragraph and
17 therefore denies same.

18      322.   The allegations in this paragraph are directed at other Defendants and therefore no
19 response is required. To the extent a response is necessary, McKesson is without knowledge or
20 information sufficient to form a belief as to the truth of the allegations in this paragraph and
21 therefore denies same.

22      323.   The allegations in this paragraph are directed at other Defendants and therefore no
23 response is required. To the extent a response is necessary, McKesson is without knowledge or
24 information sufficient to form a belief as to the truth of the allegations in this paragraph and
25 therefore denies same.

26      324.   This paragraph is denied.

27      325.   This paragraph is denied.

28      326.   This paragraph is denied.

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

327. This paragraph and each of its subparts are denied.

328. This paragraph is denied.

329. This paragraph is denied.

330. This paragraph is denied.

331. This paragraph is denied.

332. This paragraph is denied.

333. This paragraph is denied.

334. This paragraph is denied.

Plaintiffs' WHEREFORE clause is denied in its entirety.

**RESPONSE TO "EIGHTH CAUSE OF ACTION – NEGLIGENT**

**MISREPRESENTATION AND CONCEALMENT (AGAINST ALL DEFENDANTS)"**

335. McKesson incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

336. The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

337. The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

338. McKesson admits only that this paragraph and each of its subparts purport to refer to the Food and Drug Administration Amendments Act of 2007, which speaks for itself. In addition, the allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

339. This paragraph and each of its subparts are denied.

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

340.     McKesson, admits only that this paragraph and its subparts purport to refer to several other documents and statements and actions of agencies referred to above, which speak for themselves. Any remaining allegations in this paragraph are denied.

341.     The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

342.     The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

343.     This paragraph is denied.

344.     This paragraph and each of its subparts are denied.

345.     This paragraph is denied.

346.     This paragraph is denied.

347.     This paragraph is denied.

348.     This paragraph and each of its subparts are denied.

349.     This paragraph is denied.

350.     This paragraph is denied.

351.     This paragraph is denied.

352.     This paragraph is denied.

Plaintiffs' WHEREFORE clause is denied in its entirety.

### RESPONSE TO "NINTH CAUSE OF ACTION – FRAUDULENT MISREPRESENTATION (AGAINST ALL DEFENDANTS)"

353.     McKesson incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

354.     The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

-48-

information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

355.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

356.    McKesson admits only that this paragraph purports to refer to the Food and Drug Administration Amendments Act of 2007, which speaks for itself. In addition, the allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

357.    This paragraph is denied.

358.    McKesson, admits only that this paragraph and its subparts purport to refer to several other documents and statements and actions of agencies referred to above, which speak for themselves. Any remaining allegations in this paragraph are denied.

359.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

360.    The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

361.    This paragraph is denied.

362.    This paragraph and each of its subparts are denied.

363.    This paragraph is denied.

364.    This paragraph is denied.

365.    This paragraph is denied.

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

-49-

McKESSON CORPORATION'S ANSWER; JURY DEMAND
CASE NO. EDCV12-2039 VAP (DTBx)

366.   This paragraph and each of its subparts are denied.

367.   This paragraph is denied.

368.   This paragraph is denied.

369.   This paragraph is denied.

370.   This paragraph is denied.

371.   This paragraph is denied.

372.   This paragraph is denied.

373.   This paragraph is denied.

Plaintiffs' WHEREFORE clause is denied in its entirety.

**RESPONSE TO "TENTH CAUSE OF ACTION – NEGLIGENCE PER SE (AGAINST ALL DEFENDANTS)"**

374.   McKesson incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

375.   The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

376.   The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

377.   This paragraph states legal conclusions as to which no response is required. To the extent a response is required, this paragraph is denied.

378.   This paragraph states legal conclusions as to which no response is required. To the extent a response is required, this paragraph is denied.

379.   This paragraph states legal conclusions as to which no response is required. In addition, the allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

-50-

1    information sufficient to form a belief as to the truth of the allegations in this paragraph and

2    therefore denies same.

3         380.    This paragraph states legal conclusions as to which no response is required. To

4    the extent a response is required, this paragraph is denied.

5         381.    This paragraph states legal conclusions as to which no response is required. To

6    the extent a response is required, this paragraph is denied.

7         382.    This paragraph is denied.

8         383.    This paragraph states legal conclusions as to which no response is required. To

9    the extent a response is required, this paragraph is denied.

10        384.    This paragraph is denied.

11        Plaintiffs' WHEREFORE clause is denied in its entirety.

12        **RESPONSE TO "ELEVENTH CAUSE OF ACTION – BREACH OF EXPRESS**

13                     **WARRANTY (AGAINST ALL DEFENDANTS)"**

14        385.    McKesson incorporates by reference its responses to the preceding paragraphs

15   with the same legal force and effect as if fully set forth at length herein.

16        386.    The allegations in this paragraph are directed at other Defendants and therefore no

17   response is required. To the extent a response is necessary, McKesson is without knowledge or

18   information sufficient to form a belief as to the truth of the allegations in this paragraph and

19   therefore denies same.

20        387.    The allegations in this paragraph are directed at other Defendants and therefore no

21   response is required. To the extent a response is necessary, McKesson is without knowledge or

22   information sufficient to form a belief as to the truth of the allegations in this paragraph and

23   therefore denies same.

24        388.    This paragraph and each of its subparts are denied

25        389.    This paragraph is denied.

26        390.    This paragraph is denied.

27        391.    This paragraph and each of its subparts are denied.

28        392.    This paragraph and each of its subparts are denied.

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

393.   This paragraph is denied.

394.   This paragraph is denied.

395.   This paragraph is denied.

Plaintiffs' WHEREFORE clause is denied in its entirety.

**RESPONSE TO "TWELFTH CAUSE OF ACTION – BREACH OF IMPLIED WARRANTY (AGAINST ALL DEFENDANTS)"**

396.   McKesson incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

397.   The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

398.   The allegations in this paragraph are directed at other Defendants and therefore no response is required. To the extent a response is necessary, McKesson is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

399.   To the extent that the allegations in this paragraph relate to other Defendants, no response is required. To the extent a response is required and to the extent the allegations of this paragraph relate to McKesson, this paragraph is denied. To the extent the allegations of this paragraph relate to other Defendants and a response is required, McKesson is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

400.   This paragraph purports to state medical or scientific conclusions and therefore no response is required. To the extent a response is required, McKesson state that the allegations may be addressed through expert testimony. Subject to the foregoing, McKesson is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

401.   This paragraph and each of its subparts are denied.

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1     402.    This paragraph is denied.

2     403.    This paragraph is denied.

3     Plaintiffs' WHEREFORE clause is denied in its entirety.

**RESPONSE TO "THIRTEENTH CAUSE OF ACTION – DECEIT BY CONCEALMENT – VIOLATION OF CALIFORNIA CIVIL CODE §§ 1709, 1710 (AGAINST ALL DEFENDANTS)"**

7     404.    McKesson incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

9     405.    This paragraph is denied.

10    406.    This paragraph is denied.

11    407.    This paragraph is denied.

12    408.    This paragraph is denied.

13    409.    This paragraph is denied.

14    410.    This paragraph is denied.

15    Plaintiffs' WHEREFORE clause is denied in its entirety.

**RESPONSE TO "FOURTEENTH CAUSE OF ACTION – VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 (AGAINST ALL DEFENDANTS)"**

18    411.    McKesson incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

20    412.    This paragraph does not set forth any allegation susceptible to admission or denial and, therefore, no answer is required.

22    413.    This paragraph states legal conclusions as to which no response is required. To the extent a response is required, McKesson admits only that this paragraph purports to refer to California Business & Professional Code § 17200, which speaks for itself. Any remaining allegations in this paragraph are denied.

26    414.    This paragraph and each of its subparts state legal conclusions to which no response is required. To the extent a response is required, this paragraph and each of its subparts are denied.

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

415.     This paragraph states legal conclusions as to which no response is required. To the extent a response is required, this paragraph is denied.

416.     This paragraph is denied.

417.     This paragraph states legal conclusions as to which no response is required. To the extent a response is required, this paragraph is denied.

418.     This paragraph does not set forth any allegation susceptible to admission or denial and, therefore, no response is required. To the extent a response is required, McKesson denies that Plaintiffs are entitled to any of the relief requested in this paragraph.

419.     This paragraph is denied.

Plaintiffs' WHEREFORE clause is denied in its entirety.

**RESPONSE TO "FIFTEENTH CAUSE OF ACTION – VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500 (AGAINST ALL DEFENDANTS)"**

420.     McKesson incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

421.     This paragraph does not set forth any allegation susceptible to admission or denial and, therefore, no response is required.

422.     This paragraph states legal conclusions as to which no response is required. To the extent a response is required, McKesson admits only that this paragraph purports to refer to California Business & Professional Code § 17500, which speaks for itself. Any remaining allegations in this paragraph are denied.

423.     This paragraph and each of its subparts state legal conclusions to which no response is required. To the extent a response is required, this paragraph and each of its subparts are denied.

424.     This paragraph states legal conclusions as to which no response is required. To the extent a response is required, this paragraph is denied.

425.     This paragraph is denied.

426.     This paragraph does not set forth any allegation susceptible to admission or denial and, therefore, no response is required. To the extent a response is required, McKesson denies

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1   that Plaintiffs are entitled to any of the relief requested in this paragraph.

2      427.   This paragraph does not set forth any allegation susceptible to admission or denial

3   and, therefore, no response is required. To the extent a response is required, McKesson denies

4   that Plaintiffs are entitled to any of the relief requested in this paragraph.

5      428.   This paragraph is denied.

6      Plaintiffs' WHEREFORE clause is denied in its entirety.

7   **RESPONSE TO "SIXTEENTH CAUSE OF ACTION – VIOLATION OF CIVIL CODE §**

8   **1750 ET. SEQ. (AGAINST ALL DEFENDANTS)"**

9      429.   McKesson incorporates by reference its responses to the preceding paragraphs

10  with the same legal force and effect as if fully set forth at length herein.

11     430.   This paragraph states legal conclusions as to which no response is required. To

12  the extent a response is required, this paragraph is denied.

13     431.   The first sentence of this paragraph does not set forth any allegation susceptible to

14  admission or denial and, therefore, no response is required. To the extent a response is required,

15  McKesson denies that Plaintiffs are entitled to any of the relief requested in the first sentence of

16  this paragraph. The second sentence of this paragraph states legal conclusions as to which no

17  response is required. To the extent a response is required, the second sentence of this paragraph

18  is denied.

19     432.   This paragraph states legal conclusions as to which no response is required. To

20  the extent a response is required, this paragraph is denied.

21     433.   This paragraph is denied.

22     434.   This paragraph and each of its subparts are denied.

23     435.   This paragraph states legal conclusions as to which no response is required. To

24  the extent a response is required, this paragraph is denied.

25     436.   This paragraph does not set forth any allegation susceptible to admission or denial

26  and, therefore, no response is required. To the extent a response is required, McKesson denies

27  that Plaintiffs are entitled to any of the relief requested in this paragraph.

28     437.   This paragraph is denied.

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

-55-
McKESSON CORPORATION'S ANSWER; JURY DEMAND
CASE NO. EDCV12-2039 VAP (DTBx)

1    Plaintiffs' WHEREFORE clause is denied in its entirety.

2    **RESPONSE TO "SEVENTEENTH CAUSE OF ACTION – WRONGFUL DEATH**

3    **(AGAINST ALL DEFENDANTS)"**

4    438.    McKesson incorporates by reference its responses to the preceding paragraphs

5    with the same legal force and effect as if fully set forth at length herein.

6    439.    This paragraph does not set forth any allegation susceptible to admission or denial

7    and, therefore, no answer is required.

8    440.    This paragraph is denied.

9    441.    This paragraph is denied.

10   442.    This paragraph is denied.

11   Plaintiffs' WHEREFORE clause is denied in its entirety

12   **RESPONSE TO "EIGHTEENTH CAUSE OF ACTION – SURVIVAL (AGAINST ALL**

13   **DEFENDANTS)"**

14   443.    McKesson incorporates by reference its responses to the preceding paragraphs

15   with the same legal force and effect as if fully set forth at length herein.

16   444.    This paragraph does not set forth any allegation susceptible to admission or denial

17   and, therefore, no answer is required.

18   445.    This paragraph is denied.

19   446.    This paragraph is denied.

20   447.    This paragraph is denied.

21   Plaintiffs' WHEREFORE clause is denied in its entirety.

22   **RESPONSE TO "NINETEENTH CAUSE OF ACTION – NEGLIGENCE (AGAINST**

23   **INNOVATOR AND BRAND DEFENDANTS)"**

24   448.    The allegations in this paragraph are directed at other Defendants and therefore no

25   response is required.

26   449.    The allegations in this paragraph and each of its subparts are directed at other

27   Defendants and therefore no response is required.

28   450.    The allegations in this paragraph are directed at other Defendants and therefore no

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

-56-

1   response is required.

2       451.    The allegations in this paragraph are directed at other Defendants and therefore no

3   response is required.

4       452.    The allegations in this paragraph are directed at other Defendants and therefore no

5   response is required.

6       453.    The allegations in this paragraph and each of its subparts are directed at other

7   Defendants and therefore no response is required.

8       454.    The allegations in this paragraph are directed at other Defendants and therefore no

9   response is required.

10      455.    The allegations in this paragraph are directed at other Defendants and therefore no

11  response is required.

12      456.    The allegations in this paragraph are directed at other Defendants and therefore no

13  response is required.

14      457.    The allegations in this paragraph are directed at other Defendants and therefore no

15  response is required.

16      458.    The allegations in this paragraph are directed at other Defendants and therefore no

17  response is required.

18      459.    The allegations in this paragraph are directed at other Defendants and therefore no

19  response is required.

20      460.    The allegations in this paragraph are directed at other Defendants and therefore no

21  response is required.

22      461.    The allegations in this paragraph are directed at other Defendants and therefore no

23  response is required.

24      462.    The allegations in this paragraph are directed at other Defendants and therefore no

25  response is required.

26      Plaintiffs' WHEREFORE clause is denied in its entirety.

Goodman Neuman
Hamilton LLP
27
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400
28

**RESPONSE TO "TWENTIETH CAUSE OF ACTION – FRAUDULENT NONDISCLOSURE (AGAINST INNOVATOR AND BRAND DEFENDANTS)"**

463.  McKesson incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

464.  The allegations in this paragraph are directed at other Defendants and therefore no response is required.

465.  The allegations in this paragraph are directed at other Defendants and therefore no response is required.

466.  The allegations in this paragraph are directed at other Defendants and therefore no response is required.

467.  The allegations in this paragraph are directed at other Defendants and therefore no response is required.

468.  The allegations in this paragraph are directed at other Defendants and therefore no response is required.

469.  The allegations in this paragraph are directed at other Defendants and therefore no response is required.

470.  The allegations in this paragraph are directed at other Defendants and therefore no response is required.

471.  The allegations in this paragraph are directed at other Defendants and therefore no response is required.

472.  The allegations in this paragraph are directed at other Defendants and therefore no response is required.

473.  The allegations in this paragraph are directed at other Defendants and therefore no response is required.

474.  The allegations in this paragraph are directed at other Defendants and therefore no response is required.

475.  The allegations in this paragraph are directed at other Defendants and therefore no response is required.

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

476. The allegations in this paragraph are directed at other Defendants and therefore no response is required.

477. The allegations in this paragraph are directed at other Defendants and therefore no response is required.

478. The allegations in this paragraph are directed at other Defendants and therefore no response is required.

479. The allegations in this paragraph are directed at other Defendants and therefore no response is required.

480. The allegations in this paragraph are directed at other Defendants and therefore no response is required.

481. The allegations in this paragraph are directed at other Defendants and therefore no response is required.

482. The allegations in this paragraph are directed at other Defendants and therefore no response is required.

483. The allegations in this paragraph are directed at other Defendants and therefore no response is required.

484. The allegations in this paragraph are directed at other Defendants and therefore no response is required.

485. The allegations in this paragraph are directed at other Defendants and therefore no response is required.

486. The allegations in this paragraph are directed at other Defendants and therefore no response is required.

487. The allegations in this paragraph are directed at other Defendants and therefore no response is required.

488. The allegations in this paragraph are directed at other Defendants and therefore no response is required.

489. The allegations in this paragraph are directed at other Defendants and therefore no response is required.

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1       Plaintiffs' WHEREFORE clause is denied in its entirety.

2       **RESPONSE TO "TWENTY-FIRST CAUSE OF ACTION – NEGLIGENT**

3  **MISREPRESENTATION (AGAINST INNOVATOR AND BRAND DEFENDANTS)"**

4       490.   McKesson incorporates by reference its responses to the preceding paragraphs

5  with the same legal force and effect as if fully set forth at length herein.

6       491.   The allegations in this paragraph are directed at other Defendants and therefore no

7  response is required.

8       492.   The allegations in this paragraph are directed at other Defendants and therefore no

9  response is required.

10       493.   The allegations in this paragraph are directed at other Defendants and therefore no

11  response is required.

12       494.   The allegations in this paragraph are directed at other Defendants and therefore no

13  response is required.

14       495.   The allegations in this paragraph are directed at other Defendants and therefore no

15  response is required.

16       496.   The allegations in this paragraph are directed at other Defendants and therefore no

17  response is required.

18       497.   The allegations in this paragraph are directed at other Defendants and therefore no

19  response is required.

20       498.   The allegations in this paragraph are directed at other Defendants and therefore no

21  response is required.

22       499.   The allegations in this paragraph are directed at other Defendants and therefore no

23  response is required.

24       500.   The allegations in this paragraph are directed at other Defendants and therefore no

25  response is required.

26       501.   The allegations in this paragraph are directed at other Defendants and therefore no

27  response is required.

28       502.   The allegations in this paragraph are directed at other Defendants and therefore no

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1    response is required.

2        503.    The allegations in this paragraph are directed at other Defendants and therefore no

3    response is required.

4        504.    The allegations in this paragraph are directed at other Defendants and therefore no

5    response is required.

6        505.    The allegations in this paragraph are directed at other Defendants and therefore no

7    response is required.

8        506.    The allegations in this paragraph are directed at other Defendants and therefore no

9    response is required.

10       507.    The allegations in this paragraph are directed at other Defendants and therefore no

11   response is required.

12       508.    The allegations in this paragraph are directed at other Defendants and therefore no

13   response is required.

14       509.    The allegations in this paragraph are directed at other Defendants and therefore no

15   response is required.

16       510.    The allegations in this paragraph are directed at other Defendants and therefore no

17   response is required.

18       Plaintiffs' WHEREFORE clause is denied in its entirety.

19   **RESPONSE TO "TWENTY-SECOND CAUSE OF ACTION – FRAUDULENT**

20   **MISREPRESENTATION (AGAINST INNOVATOR AND BRAND DEFENDANTS)"**

21       511.    McKesson incorporates by reference its responses to the preceding paragraphs

22   with the same legal force and effect as if fully set forth at length herein.

23       512.    The allegations in this paragraph are directed at other Defendants and therefore no

24   response is required.

25       513.    The allegations in this paragraph are directed at other Defendants and therefore no

26   response is required.

27       514.    The allegations in this paragraph are directed at other Defendants and therefore no

28   response is required.

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

-61-

1    515.    The allegations in this paragraph are directed at other Defendants and therefore no
2    response is required.

3    516.    The allegations in this paragraph are directed at other Defendants and therefore no
4    response is required.

5    517.    The allegations in this paragraph are directed at other Defendants and therefore no
6    response is required.

7    518.    The allegations in this paragraph are directed at other Defendants and therefore no
8    response is required.

9    519.    The allegations in this paragraph are directed at other Defendants and therefore no
10   response is required.

11   520.    The allegations in this paragraph are directed at other Defendants and therefore no
12   response is required.

13   521.    The allegations in this paragraph are directed at other Defendants and therefore no
14   response is required.

15   522.    The allegations in this paragraph are directed at other Defendants and therefore no
16   response is required.

17   523.    The allegations in this paragraph are directed at other Defendants and therefore no
18   response is required.

19   524.    The allegations in this paragraph are directed at other Defendants and therefore no
20   response is required.

21   525.    The allegations in this paragraph are directed at other Defendants and therefore no
22   response is required.

23   526.    The allegations in this paragraph are directed at other Defendants and therefore no
24   response is required.

25   527.    The allegations in this paragraph are directed at other Defendants and therefore no
26   response is required.

27   528.    The allegations in this paragraph are directed at other Defendants and therefore no
28   response is required.

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

529.   The allegations in this paragraph are directed at other Defendants and therefore no response is required.

530.   The allegations in this paragraph are directed at other Defendants and therefore no response is required.

531.   The allegations in this paragraph are directed at other Defendants and therefore no response is required.

532.   The allegations in this paragraph are directed at other Defendants and therefore no response is required.

533.   To the extent that the allegations in this paragraph relate to other Defendants, no response is required.

Plaintiffs' WHEREFORE clause is denied in its entirety.

**RESPONSE TO "PUNITIVE DAMAGES"**

534.   McKesson incorporates by reference its responses to the preceding paragraphs with the same legal force and effect as if fully set forth at length herein.

535.   This paragraph is denied.

536.   This paragraph is denied.

537.   This paragraph is denied.

538.   This paragraph is denied.

539.   This paragraph is denied.

540.   This paragraph is denied.

541.   This paragraph is denied.

542.   This paragraph is denied.

543.   This paragraph is denied.

544.   This paragraph is denied.

**RESPONSE TO "PRAYER FOR RELIEF"**

McKesson denies that Plaintiffs are entitled to any relief sought in the WHEREFORE clause and its subparts, and deny that they are liable to Plaintiffs for damages or any other relief sought in the Complaint

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

**AFFIRMATIVE DEFENSES**

**FIRST:** McKesson alleges that each and every purported cause of action of the Complaint fails to allege facts sufficient to constitute a cause of action against McKesson.

**SECOND:** Plaintiffs' claims are barred by one or more statutes of limitation, including, but not limited to, Cal. Code of Civil Procedure §§ 335.1, 338, 343 and 366.1, Cal. Civ. Code § 1783 and Cal. Bus. & Prof. Code § 17208.

**THIRD:** Plaintiffs' claims are barred by plaintiffs' delay in bringing this action, which delay has prejudiced McKesson and gives rise to laches and other constitutional, statutory and common-law time bars.

**FOURTH:** The product at issue was not defective and was reasonably fit, suitable, and safe for its intended purpose.

**FIFTH:** The product at issue was not unreasonably dangerous.

**SIXTH:** When the product at issue was designed, manufactured, and distributed, it conformed to the state of the art, it was reasonably safe, and the benefits exceeded any associated risks.

**SEVENTH:** There is no practical or technically feasible alternative design that would have prevented or reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of the product at issue.

**EIGHTH:** Plaintiffs cannot establish that any reasonable alternative instructions or warnings concerning foreseeable risks of harm allegedly posed by the product at issue would have rendered the product safe overall, and that the failure to provide such alternative instructions or warnings rendered the product at issue not reasonably safe, in accordance with the Restatement (Third) of Torts: Products Liability.

**NINTH:** To the extent there were any risks associated with the use of the product at issue which McKesson knew or should have known and which gave rise to a duty to warn, any such duty was discharged through appropriate and adequate warnings in accordance with federal and state law. McKesson therefore is not liable under governing law.

**TENTH:** Plaintiffs' claims are barred in whole or in part because legally adequate

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1   "directions or warnings" within the meaning of comment j to Section 402A of the <u>Restatement</u>

2   <u>(Second) of Torts</u> were provided as to the use of the product at issue and any other medicine or

3   pharmaceutical preparation to which Plaintiffs attributes their damages.

4       **ELEVENTH:** The law requires that all such warnings and appropriate information be

5   given to the prescribing physician and the medical profession, which acts as "learned

6   intermediary" or "informed intermediary" in determining the use of the product. To the extent

7   that adequate warnings were not provided regarding the use of the product at issue, any

8   obligation to warn was discharged by adequate warnings being given to the treating and

9   prescribing physician(s) of Plaintiffs who were allegedly exposed to the product at issue. The

10  learned intermediary doctrine therefore bars Plaintiffs from recovering. Plaintiffs' claims are also

11  barred by the Sophisticated User Doctrine or similar applicable laws.

12      **TWELFTH:** Each and every claim alleged or raised in the Complaint and based on

13  allegedly inadequate warnings is barred even if adequate warnings were not provided with

14  respect to allegedly known or potential dangers or risks associated with the use of the product at

15  issue, because physicians prescribing the product at issue either knew or should have known of

16  the potential or known dangers or risks, and there is no duty to warn members of a profession

17  against dangers known or that should be known to members of the profession.

18      **THIRTEENTH:** Any advertisements and labeling with respect to the product at issue

19  were not false or misleading and, therefore, constitute protected commercial speech under the

20  United States Constitution and applicable state constitutions.

21      **FOURTEENTH:** Any activities of McKesson alleged in the Complaint conformed to all

22  state and federal statutes, regulations, and industry standards and were proper based upon the

23  state of knowledge existing at the relevant time alleged in the Complaint.

24      **FIFTEENTH:** Each and every claim alleged or raised in the Complaint is barred by

25  McKesson's compliance with governing statutes and/or regulations.

26      **SIXTEENTH:** The conduct of McKesson and the product at issue conformed with the

27  Federal Food, Drug and Cosmetic Act, and other pertinent federal statutes and regulations.

28  Accordingly, Plaintiffs' claims, predicated on state tort law and alleging the product at issue to

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1    be unsafe, are barred, in whole or in part, by the doctrine of federal preemption and the

2    Supremacy Clause of the United States Constitution, Article IV, clause 2. Granting the relief

3    requested would impermissibly infringe upon and conflict with federal laws, regulations, and

4    policies in violation of the Supremacy Clause.

5    **SEVENTEENTH:** Any activities of McKesson as alleged in the Complaint were

6    expressly authorized and/or regulated by a government agency. Therefore, Plaintiffs' claims

7    pertaining to any alleged misrepresentations, concealments, or omissions are barred.

8    **EIGHTEENTH:** Plaintiffs' claims are barred because the acts of McKesson at all times

9    were in conformance with medical knowledge.

10    **NINETEENTH:** At all relevant times, the product at issue was manufactured and

11    distributed in a reasonable and prudent manner, based upon available medical and scientific

12    knowledge, and further was processed and distributed in accordance with and pursuant to all

13    applicable regulations of the Food and Drug Administration.

14    **TWENTIETH:** With respect to each and every purported cause of action, the acts of

15    McKesson were at all times done in good faith and without malice.

16    **TWENTY-FIRST:** McKesson's products and/or actions were not the cause in fact, not

17    the proximate cause, and/or not the producing cause of Plaintiffs' injuries, if any.

18    **TWENTY- SECOND:** Plaintiffs' alleged injuries, losses, and damages, if any, resulted

19    from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions,

20    diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions, or natural courses

21    of conditions for which McKesson is not responsible.

22    **TWENTY-THIRD:** Plaintiffs' alleged injuries, losses, and damages, if any, resulted

23    from pre-existing or subsequent conditions, which are unrelated to the product at issue.

24    **TWENTY-FOURTH:** Plaintiffs' alleged injuries, losses, and damages, if any, resulted

25    from the operation of nature, act of God, or other independent, intervening, unforeseeable, or

26    superseding cause or causes.

27    **TWENTY-FIFTH:** Plaintiffs' alleged injuries, losses, and damages, if any, were not

28    caused by any product manufactured, distributed, or sold by McKesson, but rather by some other

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1   product, process, occurrence, event, or service over which McKesson exercised no control or

2   right of control.

3       **TWENTY-SIXTH:** Plaintiffs' claims are barred because any injuries and damages

4   allegedly sustained were caused by an idiosyncratic reaction that was not reasonably foreseeable.

5       **TWENTY-SEVENTH:** Upon information and belief, Plaintiffs' alleged injuries, losses,

6   and damages, if any, were caused in whole or in part by the acts or omissions of third parties

7   over whom McKesson had no authority or control and/or the actions of persons not having real

8   or apparent authority to undertake said actions on behalf of McKesson, over whom McKesson

9   had no control, and for whom McKesson may not be held accountable.

10      **TWENTY-EIGHTH:** Plaintiffs' claims are barred because, if the product at issue was

11  unsafe, which McKesson denies, then it was unavoidably unsafe as defined in the <u>Restatement of</u>

12  <u>Torts</u>. The apparent benefits of the product at issue exceeded any apparent risk given the

13  scientific knowledge available when the product was marketed.

14      **TWENTY-NINTH :** Plaintiffs' claims are barred in whole or in part under comment k to

15  Section 402A of the <u>Restatement (Second) of Torts</u>.

16      **THIRTIETH:** Plaintiffs cannot state claims founded in strict liability because, among

17  other things, comments j and k to Section 402A of the <u>Restatement (Second) of Torts</u> relegate

18  their claims to negligence.

19      **THIRTY-FIRST:** Plaintiffs' claims are barred under Section 4, *et seq.*, of the

20  <u>Restatement (Third) of Torts: Products Liability</u>.

21      **THIRTY-SECOND:** Plaintiffs' claims are barred under comment f to Section 6 of the

22  <u>Restatement (Third) of Torts: Products Liability</u>.

23      **THIRTY-THIRD:** Plaintiffs' exposure, if any, to any product for which McKesson may

24  be legally responsible was *de minimis*, so that the product at issue, if any, was not a substantial

25  contributing factor to any condition for which Plaintiffs seek recovery in this action.

26      **THIRTY-FOURTH:** As alleged or raised in the Complaint, Plaintiffs' claims may be

27  barred in whole or in part **by** the doctrine of informed consent.

28      **THIRTY-FIFTH:** Plaintiffs may not recover for fraud or negligent misrepresentation

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1   because McKesson has made no misrepresentations of material fact.

2   **THIRTY-SIXTH:** McKesson alleges that, while denying any alleged misrepresentations

3   and/or that Plaintiffs have any basis to recover punitive or exemplary damages ("exemplary

4   damages"), Plaintiffs' claims are barred as a result of her failure to plead with particularity. To

5   the extent that Plaintiffs seek to avoid the statutes of limitations, statutes of repose, and/or other

6   limitations on the times in which they must file their actions provided by or borrowed from

7   governing state law, their claims also are barred by their failure to plead the facts on which they

8   seek to toll the applicable time period, extend that time period, or delay the accrual of their

9   alleged causes of action based on, among other things, any discovery rule or equitable tolling.

10   **THIRTY-SEVENTH:** McKesson alleges that, while denying any alleged

11   misrepresentations, Plaintiffs' claims are barred as a result of the failure of their treating and/or

12   prescribing physicians to rely on any alleged misrepresentations.

13   **THIRTY-EIGHTH:** Plaintiffs' claims for breach of express and implied warranty are

14   barred because they did not rely on such warranties, due to lack of timely notice, due to lack of

15   privity, because the alleged warranties were disclaimed, because McKesson did not breach any

16   alleged express or implied warranty, and/or because personal injury damages are not recoverable

17   for alleged breaches of warranty.

18   **THIRTY-NINTH:** Plaintiffs' claims for breach of express warranty are barred because

19   McKesson made no express warranty to Plaintiffs.

20   **FORTIETH:** McKesson violated no duty or obligation owed to Plaintiffs.

21   **FORTY-FIRST:** Plaintiffs' alleged injuries and damages, if any, were only sustained

22   after they knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the

23   consumption of, administration of, or exposure to any medicine or pharmaceutical preparation

24   manufactured or distributed by McKesson, another distributor, or any other entity or person.

25   **FORTY-SECOND:** Plaintiffs' alleged injuries and damages, if any, were proximately

26   caused by misuse or abuse of the product at issue.

27   **FORTY-THIRD:** If Plaintiffs have sustained injuries or losses as alleged in the

28   Complaint, upon information and belief, such injuries and losses were proximately caused by the

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1   off-label use of the product at issue.

2   **FORTY-FOURTH:** Plaintiffs were negligent, careless, and reckless, and conducted

3   themselves so as to substantially contribute to their alleged injuries and damages, if any. Such

4   negligence, contributory negligence, comparative negligence, and/or the doctrine of comparative

5   fault bars, in whole or in part, the damages, if any, which Plaintiffs seek to recover herein and

6   pursuant to any applicable state law.

7   **FORTY-FIFTH:** Other persons or entities who are not parties to this suit were guilty of

8   negligence which was the sole proximate cause of, or a contributing cause to, the damages

9   alleged in the Complaint. McKesson anticipates that more specific information regarding the

10  identity and potential liability of these non-parties will be developed during discovery.

11  Accordingly, any damages awarded should be apportioned or reduced in accordance with the

12  applicable law.

13  **FORTY-SIXTH:** McKesson alleges that Plaintiffs' claims are barred to the extent they

14  have failed to join, in a timely fashion, any and all necessary and indispensable parties.

15  **FORTY-SEVENTH:** Plaintiffs cannot recover for the claims asserted because they have

16  failed to comply with the conditions precedent necessary to bring this action and/or each

17  particular cause of action asserted.

18  **FORTY-EIGHTH:** McKesson alleges that Plaintiffs impermissibly seek to impose

19  liability on conduct protected from liability by the First Amendment to the United States

20  Constitution and corresponding provisions in the state constitution applicable to each of their

21  claims.

22  **FORTY-NINTH:** Plaintiffs' claims are barred, in whole or in part, by the deference that

23  the common law gives to discretionary action by the Food and Drug Administration under the

24  Food, Drug, and Cosmetic Act, and McKesson further alleges that there is no private right of

25  action for Plaintiffs' claims under the Food, Drug and Cosmetic Act.

26  **FIFTIETH:** The public interest in the benefit and availability of the product which is the

27  subject matter of this action precludes liability for risks, if any, resulting from any activities

28  undertaken by McKesson, which were unavoidable given the state of human knowledge at the

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

-69-

time those activities were undertaken. With respect to Plaintiffs' claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

**FIFTY-FIRST**: Any injuries or damages Plaintiffs may have sustained may have been caused by a substantial change in the product at issue after leaving the possession, custody, and control of McKesson.

**FIFTY-SECOND:** To the extent that Plaintiffs seek relief for alleged injuries that they attributes to products manufactured, distributed, and ingested outside California and/or for alleged actions occurring outside California, if at all, they cannot recover pursuant to California Business & Professions Code §§ 17200, *et seq*. Plaintiffs also cannot recover because McKesson did not engage in any of the unfair, unlawful, misleading, deceptive, or otherwise prohibited trade practices addressed as part of California's unfair practices laws.

**FIFTY-THIRD:** To the extent that Plaintiffs seek relief for alleged injuries that they attribute to products manufactured, distributed, and ingested outside California and/or for alleged actions occurring outside California, if at all, they cannot recover pursuant to California Business and Professions Code §§ 17500, *et seq*. Plaintiffs also cannot recover because McKesson has made no false or misleading statements about the product at issue before the public in California or from California before the public in any state and has not acted or failed to act in any way inconsistent with California's false advertising acts.

**FIFTY-FOURTH:** To the extent that Plaintiffs seek relief for alleged injuries that they attribute to products manufactured, distributed, and ingested outside California and/or for alleged actions occurring outside California, they cannot recover pursuant to California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* Plaintiffs also cannot recover because they failed to provide the requisite pre-filing notice pursuant to Civ. Code § 1780(d) or file an affidavit pursuant to Civ. Code § 1782. Plaintiffs also cannot recover because McKesson acted in accordance with the requirements of that statute.

**FIFTY-FIFTH**: Each and every claim alleged or raised in the Complaint may be barred, in whole or in part, under the doctrine of primary jurisdiction, in that the pertinent conduct of

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

-70-

McKesson and all of its activities with respect to the product at issue have been and are conducted under the supervision of the Food and Drug Administration.

**FIFTY-SIXTH:** Plaintiffs have not sustained an ascertainable loss of property or money.

**FIFTY-SEVENTH:** Plaintiffs have not suffered any injury or damages that are recoverable from McKesson.

**FIFTY-EIGHTH:** Plaintiffs' claims are barred under the doctrine of economic loss.

**FIFTY-NINTH:** Plaintiffs received all or substantially all of the benefit from the product that they hoped and intended to receive, and to that extent any damages and/or restitution that Plaintiffs might be entitled to recover from McKesson must be correspondingly reduced.

**SIXTIETH:** Plaintiffs' claims are barred in whole or in part by reason of their failure to mitigate their alleged damages or losses.

**SIXTY-FIRST:** McKesson is entitled to a set-off or reduction in any damages which may be awarded to Plaintiffs for any amounts received from collateral sources.

**SIXTY-SECOND:** In the event of a finding of liability in favor of Plaintiffs, a settlement, or a judgment against McKesson, McKesson requests an apportionment of fault among all parties and third persons as permitted by *Li v. Yellow Cab Company* (1975) 13 Cal.3d 804, and *America Motorcycle Association v. Superior Court* (1978) 20 Cal.3d 578, to the extent that California law applies. McKesson also requests a judgment and declaration of partial indemnification and contribution against all other parties or third persons in accordance with the apportionment of fault.

**SIXTY-THIRD:** McKesson denies any liability on its part, but if McKesson is ultimately found liable to Plaintiffs, then it shall only be liable for its equitable share of Plaintiffs' recovery, since any liability which would be found against it will be insufficient to impose joint liability. To the extent that the laws of any states other than California apply to any Plaintiffs' claims, the liability, if any, of McKesson is limited by and pursuant to any state-specific limitation on indemnification, contribution, or potential liability of joint tortfeasors.

**SIXTY-FOURTH:** McKesson is entitled to an offset of any prejudgment monies received by Plaintiffs from any settling Defendant pursuant to any applicable statutes, including,

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

-71-
McKESSON CORPORATION'S ANSWER; JURY DEMAND
CASE NO. EDCV12-2039 VAP (DTBx)

but not limited to, if California law applies, the provisions of California Civil Procedure § 877(a).

**SIXTY-FIFTH:** If Plaintiffs sustained any of the injuries, losses, and damages set forth in the Complaint, then such injuries, losses, and damages were directly and proximately caused by the acts or omissions of Plaintiffs and/or third parties over whose conduct McKesson had no control and no right to control, for whose conduct McKesson is not responsible, and with whom McKesson has no legal relation. To the extent California law applies, McKesson requests that the Fair Responsibility Act of 1986, commonly known as Proposition 51, be given full force and effect pursuant to the California Civil Code, § 1431, subsections 1431.1 through 1431.5. Specifically, it is asserted by McKesson that, in the event a judgment is rendered against it and in favor of Plaintiffs, McKesson can be held responsible, if at all, for only that proportion of "non-economic" damages for which McKesson is found liable by jury determination; the rule of joint and several liability does not apply under such circumstances. McKesson further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

**SIXTY-SIXTH:** Plaintiffs' damages, if any, may be barred, limited, or offset in the amount of any reimbursement or benefits received by Plaintiffs as a result of any insurance or health benefits plan, or any amounts paid for by any insurance, other health benefits plan, or other collateral sources.

**SIXTY-SEVENTH:** The Complaint fails to state a claim against McKesson upon which an award of exemplary damages may be based.

**SIXTY-EIGHTH:** Plaintiffs' claims for exemplary damages are barred because Plaintiffs have failed to set forth claims for the types of damages that they must recover before being permitted to proceed with claims for exemplary damages under any applicable law.

**SIXTY-NINTH:** Plaintiffs' claims for damages, including, but not limited to, exemplary damages are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Committee* (2001) 531 U.S. 341, and any governing statutes, case law, or other prohibitions on recoveries for any alleged "fraud on the FDA."

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

**SEVENTIETH:** Plaintiffs' claims for exemplary damages are barred because no act or omission was malicious, was willful, was wanton, was reckless, was grossly negligent, manifested a flagrant disregard for the safety of persons who might be harmed, or was otherwise undertaken with the intent required under applicable state law. Furthermore, as McKesson has not acted oppressively, fraudulently, or maliciously, Plaintiffs may not recover punitive damages under California Civil Code § 3294 to the extent that California law applies. Any claim for punitive damages is also barred under California Civil Code § 3294(b) to the extent that California law applies.

**SEVENTY-FIRST:** Plaintiffs' claims for exemplary damages are barred because any such award would, if granted, violate McKesson's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; similar provisions in the state constitution applicable to Plaintiffs' claims; and/or the common law and public policies applicable to Plaintiffs' claims.

**SEVENTY-SECOND:** Plaintiffs' claims for exemplary damages are barred because the product at issue and its labeling were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**SEVENTY-THIRD:** McKesson alleges that, while denying any alleged misrepresentations and/or that Plaintiffs have any basis to recover exemplary damages, Plaintiffs' claims are subject to any caps on exemplary damages. If not limited by a cap on exemplary damages, Plaintiffs' claims for exemplary damages cannot be sustained because any award of exemplary damages subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate McKesson's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; similar provisions in the state constitution applicable to Plaintiffs' claims; and/or the common law and public policies applicable to Plaintiffs' claims.

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

1    **SEVENTY-FOURTH:** Plaintiffs' claims for exemplary damages are barred because

2 Plaintiffs cannot establish McKesson's liability, if any, for punitive damages and the appropriate

3 amount of punitive damages, if any, by clear and convincing evidence. Accordingly, any award

4 of punitive damages would violate McKesson's rights under the Due Process Clause of the Fifth

5 and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the

6 Eighth Amendment of the United States Constitution; similar provisions in the state constitution

7 applicable to Plaintiffs' claims; and/or the common law and public policies applicable to

8 Plaintiffs' claims.

9    **SEVENTY-FIFTH:** Plaintiffs' claims for exemplary damages are barred because an

10 award of punitive damages for the purpose of compensating Plaintiffs for elements of damages

11 not otherwise recognized by applicable state law would violate McKesson's rights under the Due

12 Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the

13 Excessive Fines Clause of the Eighth Amendment of the United States Constitution; similar

14 provisions in the state constitution applicable to Plaintiffs' claims; and/or the common law and

15 public policies applicable to Plaintiffs' claims.

16    **SEVENTY-SIXTH:** McKesson asserts that the determination of the amount of

17 exemplary damages, if any, shall be bifurcated from the remaining issues pursuant to

18 McKesson's due process rights, as guaranteed by the United States Constitution and applicable

19 state constitutions, as well as applicable law.

20    **SEVENTY-SEVENTH:** Plaintiffs' claims for exemplary damages cannot be sustained

21 under any and all standards and limitations regarding the determination and/or enforceability of

22 punitive damage awards that arose in the decisions of *BMW of North America v. Gore* (1996)

23 517 U.S. 559, *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.* (2001) 532 U.S. 424, and

24 *State Farm Mutual Automobile Insurance Co. v. Campbell* (2003) 538 U.S. 408.

25    **SEVENTY-EIGHTH:** Plaintiffs' claims are barred, in whole or in part, by the

26 Commerce Clause of the United States Constitution because they purport to regulate interstate

27 commerce and, if allowed, would impermissibly place an undue burden on interstate commerce.

28

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

**SEVENTY-NINTH:** Plaintiffs' claims are barred, in whole or in part, by the sealed container defense, otherwise known as the innocent seller defense or the innocent retailer defense.

**EIGHTIETH:** McKesson denies that its conduct was in any way negligent, wanton, or reckless.

**EIGHTY-FIRST:** Plaintiffs' Complaint and each purported cause of action therein are barred by one or more of the equitable doctrines of estoppel or waiver.

**EIGHTY-SECOND:** Plaintiffs' claims are improperly joined under Code of Civil Procedure section 378 because they cannot assert relief jointly and severally and/or their claims do not arise out of the same transactions or occurrences or facts common to all Plaintiffs.

**EIGHTY-THIRD:** With respect to those Plaintiffs who purport to be successors in interest of decedents, Plaintiffs' Complaint and each purported cause of action therein are barred because Plaintiffs have not established that they are authorized to commence an action for the decedent and that no other person has a superior right to commence the action or otherwise complied with the requirements of Code of Civil Procedure section 377.32.

**EIGHTY- FOURTH:** McKesson incorporates by reference any applicable affirmative defenses asserted by any other defendant in this action.

**EIGHTY-FIFTH:** McKesson reserves the right to assert and rely on any additional affirmative defenses that may become available or apparent during discovery proceedings and/or trial.

WHEREFORE, McKesson prays that:

1.      Plaintiffs take nothing by reason of their claims against McKesson;

2.      Judgment be entered against Plaintiffs and in favor of McKesson;

3.      Plaintiffs be ordered to pay McKesson's costs;

///

///

///

///

Goodman Neuman
Hamilton LLP
417 Montgomery Street
10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

-75-

1      4.      The court orders such other and further relief as the court deems just and proper.

2   DATED: December 6, 2012               GOODMAN NEUMAN HAMILTON LLP

3

4                                        By: /s/ Pavan L. Rosasti
                                             FARLEY J. NEUMAN
5                                            PAVAN L. ROSATI
                                             PATRICIA L. BONHEYO
6                                            Attorneys for Defendant, McKESSON
                                             CORPORATION

7

8                          **DEMAND FOR JURY TRIAL**

9      McKesson hereby demand a trial by jury of all issues so triable.

10  DATED: December 6, 2012               GOODMAN NEUMAN HAMILTON LLP

11                                       By: /s/ Pavan L. Rosati
                                             FARLEY J. NEUMAN
12                                           PAVAN L. ROSATI
                                             PATRICIA L. BONHEYO
13                                           Attorneys for Defendant, McKESSON
                                             CORPORATION
14

15

16

17

18

19

20

21

22

23

24

25

26

27  Goodman Neuman
    Hamilton LLP
    417 Montgomery Street
    10th Floor
28  San Francisco, CA 94104
    Tel.: (415) 705-0400

McKESSON CORPORATION'S ANSWER; JURY DEMAND
CASE NO. EDCV12-2039 VAP (DTBx)