UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| JUDITH ROMO, et al., | ) | <u>Lead Case</u> |
| | ) | Civil Action No. 2: 15-089-DCR |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| MCKESSON CORP., et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| *Thomas, et al., v. McKesson Corp., et al.,* | ) | Civil Action No. 2: 15-118-DCR |
| | ) | |

***   ***   ***   ***

The parties have filed a joint motion for an order to dismiss the claims of certain plaintiffs (a "Dismissed Plaintiff") against Xanodyne Pharmaceuticals, Inc.  [Record No. 254]  Being sufficiently advised, it is hereby

**ORDERED** as follows:

1.      The parties' joint moiton [Record No. 254] is **GRANTED**.  This dismissal is without prejudice for 60 days from the date of the entry of this Order.

2.      Between the date of the Order and 60 days following its entry, a Dismissed Plaintiff may file a new individual Complaint in the United States District Court for the Eastern District of Kentucky to reassert a claim against Xanodyne. Any such Complaint must include as an exhibit evidentiary support of the Dismissed Plaintiff's use of a product manufactured or sold by Xanodyne.

3.      For any Complaint filed pursuant to the terms of Paragraph 2 above, (a) all defenses to which Xanodyne was entitled as of the effective date of the original Complaint in

this action against Xanodyne are preserved, and (b) Xanodyne may not assert any statute of limitations defense based solely on the passage of time between the effective date of the original Complaint against Xanodyne and the filing of the new Complaint pursuant to Paragraph 2 above.

4.      If a Dismissed Plaintiff does not file a new Complaint pursuant to Paragraph 2 above, this dismissal will automatically become a dismissal with prejudice under Federal Rule of Civil Procedure 54(b), effective on the 61st day after the date of the entry of this Order, without further court order.

5.      Each party will bear his, her, or its own fees and costs.

6.      The "Dismissed Plaintiffs" are the following:  Warren Noel (individually and as Next of Kin to Mary Noel), James Richardson (Individually and as Next of Kin to Barbara Richardson), Linda Wood (Individually and as Next of Kin to Thomas Wood), and Sheila Yancey (Individually and as Next of Kin to Sarita Durden).

7.      The claims of the following plaintiffs against Xanodyne in the above-captioned action remain pending:  William Sheppard (Individually and as Next of Kin to Eddie M. Sheppard), and Shirley Thomas.

8.      The Clerk of Court is directed to file this Order in the lead case, *Romo, et al., v. McKesson, et al.*, Civil Action No. 2: 15-089-DCR *and* in the individual case of *Thomas, et al., v. McKesson, et al.*, Civil Action No. 2: 15-118-DCR.

This 21st day of October, 2015.



Signed By:

**_Danny C. Reeves_**

**United States District Judge**